(No. 41688.—

The People of the State of Illinois, Appellee, *vs.*
Bernard Green, Appellant.

*Opinion filed May 28, 1969.*

Kenneth L. Gillis, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Richard Trais, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

The defendant, Bernard Green, was found guilty of petty theft after a bench trial in the circuit court of Cook County and was sentenced to one year at the Illinois State Farm. On this appeal he contends that he was deprived of

his constitutional right to the assistance of counsel of his choice, that he did not knowingly waive a jury trial, and that he was not proved guilty beyond a reasonable doubt.

We have concluded that the defendant's first contention must be sustained. It is therefore unnecessary to describe the facts beyond observing that the principal issue in the case concerned the identification of the defendant as one of the participants in a confidence game by means of which money was obtained from the complaining witness. It is also unnecessary to detail the circumstances under which the defendant's right to a trial by jury is said to have been waived.

The offense in question took place on May 17, 1968, and the defendant was arrested on that date. On the morning that the case was called for trial the second time, July 2, 1968, the defendant requested a continuance and the following colloquy took place:

"THE COURT: What is the reason for the continuance, Mr. Green?

MR. GREEN: Well, my lawyer hasn't come through.

THE COURT: Your lawyer what?

MR. GREEN: Haven't come through yet. I would like to have a short continuance.

THE CLERK: Who is your attorney?

MR. GREEN: He is in Washington on a case.

THE COURT: He is in Washington. What is his name?

MR. GREEN: I forgot his name. Got one of those funny names. He will be back shortly.

\* \* \*

THE COURT: Did you pay this attorney a fee?

MR. GREEN: Well, everything is suppose to have been arranged. The lawyer is suppose to come through.

THE COURT: I said, did you pay him?

MR. GREEN: You know, first church paid him.

THE COURT: First Presbyterian Church?

MR. GREEN. Yes.

THE COURT: Well, we will appoint a Public Defender to represent you. You are going to go to trial. We are going to pass this case and you are going to go to trial today. Put it aside for the Public Defender."

Defendant was tried that same afternoon with the public defender as his counsel and was found guilty.

The right to counsel guaranteed by the sixth and fourteenth amendments of the Federal constitution, by section 9 of article II of the Illinois constitution, and by section 113—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 113—3) includes the right to be represented by counsel of one's own choice. (*Powell* v. *Alabama,* 287 U.S. 45, 77 L. Ed. 158; *People* v. *Cohen,* 402 Ill. 574; *People* v. *Montville,* 393 Ill. 590; *People* v. *Shiffman,* 350 Ill. 243.) The defendant made clear his desire to be defended by privately retained counsel, and although he was unable to remember the attorney's name, he explained, in terms that were understood by the trial judge, that the First Presbyterian Church had arranged to provide an attorney for him and that that attorney was then in Washington. It would have been a simple matter to verify the defendant's statement. We would agree, of course, with the argument advanced by the State, that the right of·an accused to be represented by counsel of his choice cannot be permitted to bring about an "indefinite thwarting of the administration of justice." But no such danger was threatened in this case, and we are of the opinion that the defendant's constitutional right was violated when the court, without any inquiry into the truth of the circumstances described by the defendant, summarily denied his request for a continuance and insisted that he go to trial that day, represented by an assistant public defender who had no opportunity to investigate the case.

The judgment of the circuit court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*