(No. 42291.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIE PAYNE, Appellant.

*Opinion filed November 17, 1970.*

EDWARD M. GENSON and SAM ADAM, both of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and TERRY M. GORDON (Senior Law Student), Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

After a bench trial in the circuit court of Cook County the defendant, Willie Payne, was found guilty of petty theft and sentenced to confinement in the House of Correction for a period of six months. This court granted leave to appeal under the provisions of our Rule 606(c). (43 Ill.2d R. 606(c).) Defendant contends that he was deprived of his constitutional right to assistance of counsel of his choice; that the jury waiver entered for defendant was not voluntarily made and that he was not proved guilty beyond a reasonable doubt.

The alleged offense occurred on March 12, 1968, at which time defendant was taken into custody. On February 25, 1969, when the case was called for trial the defendant asked for a continuance of three or four days, stating that his attorney was out of town. The court noted that a written appearance of counsel for defendant was on file but proceeded to appoint Mr. Cahan, an assistant public defender, to represent him. After a conference between defendant and his appointed counsel the transcript shows the following proceedings:

"THE COURT: Mr. Payne, are you satisfied to have the Public Defender represent you here today?

DEFENDANT PAYNE: Sir?

THE COURT: Are you satisfied to have the Public Defender represent you today?

DEFENDANT PAYNE: I want to use my own attorney.

THE COURT: I understand that, sir; however, it is my feeling that since the case has been continued to March 14,—from March 14, 1968, the number of times it was up—Motion defendant, postponed to 4-2-1968 and then on 4-2-68, motion defendant postponed 5-23-1968, and on 5-23-1968, postponed to 7-15-68. That I believe, and then there was a bond forfeiture and then the matter was postponed to August 16 when a judgment was entered, and February 5, 1969 again motion defendant postponed and set for trial.

It is my feeling that while there is an appearance of an attorney on file here, your request for an attorney is a device to delay the orderly procedure of justice. Now, sir, if you insist on having your own lawyer to represent you, I will permit him to do so, if you insist. Do you insist?

DEFENDANT PAYNE: I'd just like to have a three or four days' continuance.

THE COURT: Fine, sir. It is my feeling you will flee

my jurisdiction. I am increasing your bond to Twenty-Five Thousand Dollars. Take him into custody.

DEFENDANT PAYNE: Your Honor, can I go to trial today?

THE COURT: Now, sir, you must make a decision.

POLICE OFFICER CROSS: Why don't you go right now, Willie, and get it over with. He ran before I had him in the court.

THE COURT: Please, no remarks.

MR. CAHAN: We are ready to go to trial today.

THE COURT: If you go to trial today, I will not have to raise the bond. And you are satisfied to have Mr. Public Defender represent you, is that right?

DEFENDANT PAYNE: Yes, sir.

THE COURT: Mr. Cahan, is that right?

MR. CAHAN: (Nodding.)

THE COURT: All right, Swear all of the witnesses.

I take it there is a jury waiver and a plea of not guilty?

MR. CAHAN: Yes, there is.

(Witnesses sworn.)

THE COURT: All right, Mr. Cahan, we are proceeding on one charge."

The right to counsel guaranteed by the sixth and fourteenth amendments to the Federal constitution, by section 9 of article II of the Illinois constitution, and by section 113—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 113—3) includes the right to be represented by counsel of one's own choice. (*People* v. *Green,* 42 Ill.2d 555, 557, and authorities cited therein.) Here defendant clearly expressed his wish to be represented by counsel whose appearance was on file in the case. Only after the court threatened to increase his bond more than tenfold did defendant assent to immediate trial and representation by the public defender. Meanwhile no effort whatever was

made to contact defendant's counsel to ascertain whether or not defendant's representations were true and his request for a short continuance reasonable. The circumstances of this case are remarkably similar to those in *People* v. *Green,* 42 Ill.2d 555, where this court observed that it would have been a simple matter to verify defendant's statement, and held that a summary denial of a request for a continuance coupled with an insistence by the court that defendant go to trial that day represented by the public defender violated his constitutional rights. The coercive tactic used here of securing ostensible assent by threat of immediate incarceration on increase of bond was, to say the least, questionable judicial practice. In practical effect the result was the same as in *Green*—a summary denial of defendant's request for a continuance to enable him to be represented by counsel of his choice.

Counsel for the People would distinguish this case from *Green* on the ground that the court's action in the former case came when the case was called for only the second time whereas the proceedings in question here came after the case was about eleven months old and defendant had been granted several continuances. In this connection it is said, as we noted in *Green,* that the right of an accused to be represented by counsel of his choice cannot be permitted to bring about an indefinite thwarting of the administration of justice. We note, however, that not all of the continuances granted in the present case came at the request of the defendant. In fact, of the last three continuances, one was on order of court and one by agreement of the parties. Only one was on request of defendant. As to the forfeiture of bond for nonappearance mentioned by the court, the inference is pretty clear from the record that this came about as the result of a misunderstanding between defendant and the State's Attorney. In any event defendant continued to be at liberty on bail thereafter, so the default, for whatever reason, was not considered to be of great importance. Defend-

ant stated that he lost $200 in bond forfeiture. We cannot conclude from this record that the trial judge was justified in believing that defendant was engaged in an effort to thwart the administration of justice.

Since we have concluded that defendant was deprived of his constitutional right to be represented by counsel of his choice it becomes unnecessary to discuss the sufficiency of the evidence to convict or the question of jury waiver, except to say that since the waiver was entered by counsel under the circumstances already indicated in this opinion, there is serious question of its validity. However, since there must be a new trial at which defendant will be represented by counsel of his choice, the question of jury waiver will present itself anew and defendant will have the right to elect whether or not to waive a jury.

The judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*