The City of Chicago, Plaintiff-Appellee, *v.* Oscar Purvey, Defendant-Appellant—(The People of the State of Illinois, Plaintiff-Appellee, *v.* Oscar Purvey, Defendant-Appellant.)

(Nos. 54339, 54340 cons.; )

First District—March 9, 1971.

*Rehearing denied April 5, 1971.*

Newman, Kipnis and Montgomery, of Chicago, (James D. Montgomery and Michael Silverman, of counsel,) for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (Edmund Hatfield and Marvin E. Aspen, Assistants Corporation Counsel, of counsel,) for appellee.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Arthur L. Bilkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

After a bench trial, defendant was convicted of the offenses of failure to register a firearm (Municipal Code of the City of Chicago, ch. 11 11 par. 1—7) and unlawful use of a weapon (Ill. Rev. Stat. 1967 ch. 38 par. 24—1(a) (4)). He was sentenced to six months in the House of Correction on the State charge and fined $500.00 on the City charge.

Defendant appeals and contends that he was deprived of his right to be represented by counsel of his own choice in that the court appointed a public defender to proceed with the hearing on the motion to suppress and the trial after being advised that defendant had retained private counsel.

On March 27, 1969, defendant was arrested by Officer Eugene Mooney of the Chicago Police Department, who had been advised that defendant was being sought on a rape charge.* A search of his person revealed an unregistered handgun.

---

* The rape victim was unable to identify him as her assailant and no charges were placed against him for that crime.

On April 8, 1969 defendant appeared before the court on the above charges. On his motion, the matter was continued until April 25, 1969, upon which date at 2:30 P.M. the following colloquy took place:

"Clerk: Oscar Purvey; Sheet 4, Judge.

State's Attorney: Are you ready for trial? Are you ready for trial? Speak up.

Defendant: My lawyer isn't here.

Court: Who is your lawyer?

Clerk: His lawyer was Mr. Feldman, Judge, and he waited all day for him and he left.

State's Attorney: When did you hire this lawyer?

Defendant: Mr. Feldman?

State's Attorney: Yes.

Court: All right. Now, right now the public defender is your lawyer.

State's Attorney: Right; there is no appearance filed. This case was continued for that purpose.

Court: We will pass this case."

When the case was called again, the following took place:

"Court: Have you had a chance to talk to your client?

Public Defender: Yes, I have. Ready for trial, jury waived, motion to suppress."

The court then heard testimony pertaining to the motion to suppress the evidence which was subsequently overruled. After a trial on the consolidated charges defendant was found guilty, fined and sentenced.

On May 5, 1969, defendant's new private counsel presented a motion for new trial contending that defendant was deprived of counsel of his own choice. Defendant's original privately retained counsel was also present at the hearing on the motion for a new trial and advised the court that his appearance had been on file and that he had been paid a retainer. He further advised the court that on the day defendant was tried, he had been present in court, having tried five other matters, but that he left after defendant failed to appear by 11:30 A.M.

OPINION

■■ The right to counsel as guaranteed by the Sixth and Fourteenth Amendments to the Federal Constitution, section 9, Article II of the Illinois Constitution and section 113—3 of chapter 38 Illinois Revised Statutes (1969) includes the right to be represented by counsel of one's own choice. *People v. Green* (1969), 42 Ill.2d 555; *People v. Payne,* (1970), 46 Ill.2d 585; and authorities cited therein.

The People and the City of Chicago both urge that defendant's failure to request a continuance and object to the appointment of the public

defender are dispositive of defendant's contention that he was deprived of his constitutional right to have counsel of his own choice.

██ We do not agree that defendant must relate a specific litany for continuance and if that be denied, a specific objection to the appointment of other counsel. The guiding star should be whether the record justifies a belief on the part of the trial judge that defendant or his counsel is engaged in tactics to thwart or frustrate the administration of justice.

The record reflects that the court, its clerk and the prosecutor all joined in a very perfunctory inquiry and colloquy, wherein defendant's only two answers were nonresponsive, culminating in the public defender being virtually thrust upon defendant.

██ We find that the record before us is not such that justifies a belief that defendant or his counsel were engaged in thwarting or frustrating the administration of justice and therefore, we are compelled to reverse and remand the causes for new trials.

Reversed and remanded.

LEIGHTON, P. J., and McCORMICK, J., concur.