2 Ill. App.3d 1077 (1971)
278 N.E.2d 530
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
HAROLD MacARTHUR, a/k/a MacARTHUR HEROD, Defendant-Appellant.
No. 54579.
Illinois Appellate Court  First District.
November 23, 1971.
*1078 *1079 Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Daniel J. Pierce, Assistant State's Attorneys, of counsel,) for the People.
Reversed and remanded.
Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:
This appeal is from a judgment which revoked a probation order and sentenced defendant to serve two to ten years for aggravated battery. Two issues are presented. 1. Whether the trial court's refusal to grant defendant continuance deprived him of the right to counsel and denied him rudimentary due process of law. 2. Whether defendant has been convicted of the crime for which he is imprisoned.
In May 1969 defendant was indicted for aggravated battery and attempt to commit rape. He pled guilty to the attempt to commit rape and the charge of aggravated battery was dismissed. He was admitted to probation for five years, a four-month period of imprisonment was considered served. On August 5, 1969, defendant was charged with violating his probation because he was to appear before another judge, charged with attempt to commit rape. Defendant was brought before the judge who had granted the probation. The public defender was appointed to represent him and hearing of the cause was continued to August 15, 1969. On that day, the assistant state's attorney announced he would call two witnesses. Defendant's counsel told the trial judge that he was not ready for the hearing because the defendant wanted a continuance. After a colloquy in which defendant participated, the trial judge instructed the clerk to swear the witnesses. When the first witness was called, defendant then spoke and told the judge, "I want to get a lawyer." After reminding defendant that he had a court-appointed lawyer, the trial judge ruled that the request for a continuance was too late. The two witnesses were heard; and after the State rested its case, the trial judge revoked the probation.
Defendant contends that refusal of his request for a continuance deprived him of the right to counsel of his choice and denied him due process of law. The record discloses that a week before the revocation hearing, defendant was furnished with counsel, the public defender. When the cause came for trial and defendant requested the continuance, the trial judge asked for the reason. Defendant responded, "I just told you, I am not ready." The trial judge asked, "Any reason why?" Defendant's counsel answered, saying to the judge: "I don't know, your Honor, I spoke to Mr. Herod and he stated he was not ready to proceed *1080 on the hearing." The trial judge then asked: "Why aren't you ready?" The defendant replied, "Because I am not ready."
Aside from the discourtesy which defendant's responses reflected, they were not informative. It was not until the trial judge announced the hearing was going to proceed that defendant explained he wanted time to get a lawyer. Defendant was an indigent. He said nothing about the ability to employ a lawyer. He said nothing about anyone else getting a lawyer for him.
 1-4 The right to counsel guaranteed by the sixth and fourteenth amendments to the federal constitution, by section 9 of article II of the Illinois constitution and by section 113-3 of the code of criminal procedure include the right to be represented by counsel of one's choice. (People v. Payne, 46 Ill.2d 585, 587, 264 N.E.2d 167; City of Chicago v. Purvey (Ill. App.2d), 270 N.E.2d 279.) Important as it is, enjoyment of this right is not absolute. (See People v. Gray, 33 Ill.2d 349, 211 N.E.2d 369; People v. White, 84 Ill. App.2d 178, 228 N.E.2d 169.) A defendant with court-appointed counsel who, on the day a case is set for trial, requests a continuance so he can obtain a lawyer of his choice, must do more than say he is not ready. He must, promptly and with some clarity, give a reason why he wants another lawyer. He must make an ascertainable showing that he, or someone for him, will be able to obtain other counsel. (Compare People v. Green, 42 Ill.2d 555, 248 N.E.2d 116 and People v. Payne, supra.) Defendant did not meet these requirements. Therefore, we conclude that refusal to grant defendant's request for a continuance neither deprived him of the constitutional right to counsel nor due process of law. People v. Tyson (Ill. App.2d), 264 N.E.2d 403; People v. Leman, 95 Ill. App.2d 212, 238 N.E.2d 213.
 5 Defendant contends that he is imprisoned for the crime of aggravated battery without his having been convicted of that offense. Incarceration of a person without his conviction of the crime for which he is imprisoned is a substantial and fatal error. (People v. Kargula, 285 Ill. 478, 482, 121 N.E. 179.) We have examined the record and find that defendant's conviction was for attempt to commit rape not aggravated battery, a charge that was dismissed on motion of the State. It appears, then, that defendant is now imprisoned for a crime of which he has not been convicted.
 6, 7 Therefore, the judgment is reversed. Because of the fatal error in the record, the revocation of probation is set aside and the cause is remanded with directions that the trial court either reinstate defendant to probation or grant the State leave to file a petition, in compliance with Ill. Rev. Stat. 1969, ch. 38, par. 117-3, which alleges facts to justify another revocation hearing. Then, consistent with accepted and recognized *1081 procedural standards, and with the views expressed in this opinion, the trial court in its discretion may determine any claim that defendant violated the conditions imposed when he was given the benefits of the probation system. (People v. Price, 24 Ill. App.2d 364, 376, 164 N.E.2d 528.) If defendant is found in violation and sentence is imposed, it shall be "[f]or a term not to exceed the maximum penalty for the offense of which the probationer has been convicted." People v. Livingston, 117 Ill. App.2d 189, 254 N.E.2d 64.
Reversed and remanded with directions.
SCHWARTZ and STAMOS, JJ., concur.