THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM B. MORRIS, Defendant-Appellant.

(No. 74-316;

Fifth District—July 18, 1975.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael J. Henshaw, State's Attorney, of Harrisburg (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, William B. Morris, was convicted of unlawful delivery of a controlled substance and possession of a controlled substance after a jury trial in Saline County and was sentenced to two concurrent terms of from 20 to 60 years. On appeal, defendant contends that the trial court erred in denying defendant counsel of his own choice, that appointed counsel should have been allowed to withdraw because of conflict of interest, that defendant was denied a fair trial because of hearsay rebuttal testimony and faulty jury instructions and that the sentence was excessive.

Defendant was indicted in two counts on January 28, 1974. On February 5, 1974, defendant appeared in court with local counsel and counsel from Cook County, Marvin Glass. Counsel made an oral motion for bond and for speedy trial. On February 6, defendant pleaded not guilty to both counts. He was represented by local counsel alone. After a hearing, bond was reduced from $100,000 to $45,000. Defendant posted bond on March 1 and was released. On March 4, 1974, local counsel moved to withdraw because of inability to establish and maintain communication with Glass. The motion, a copy of which was sent to Glass at his Chicago office, stated that because of his failure to cooperate, local counsel had been unable to prepare or assist in the preparation of Morris' defense. The court granted the motion to withdraw.

On April 3, 1974, the case was called for trial. Defendant appeared without counsel. The court noted that Glass had been notified of the trial date. Defendant stated that he was being represented by Glass and an attorney from Marion, J. Kenny Fox. The court recessed from 9 a.m. to

10:30 a.m. to allow defendant time to contact these attorneys. At 10:30 a.m. court reconvened and the State's Attorney stated that he had talked to the attorneys' offices. Glass had told him that he was withdrawing from the case and that Fox would handle the defense. Fox's office had informed the State's Attorney that he was in a different county and was not aware that he was to be present for trial. He was subsequently contacted by the State's Attorney and told him that he had no understanding with Glass that he would be present. The State's Attorney then told the court that it was his opinion that Fox did not represent the defendant. Defendant, however, stated that his conversations with both attorneys indicated that both were still involved in the defense. The court decided that Glass had withdrawn by telephone and so stated in front of a jury panel, and would forward the appropriate forms. No motion to withdraw, or, for that matter, no communication by him of any kind appears of record. David Hauptman, the public defender, was appointed to represent defendant and the cause was continued to 1:30 p.m. the same day.

At 1:30 p.m. defendant appeared with counsel Hauptman. Counsel filed for a motion for continuance because of his inability to prepare a case for trial in a 3-hour period. The motion was supported by affidavits from Hauptman and the defendant. Defendant stated during argument on the motion that he did not object to Hauptman as counsel but that he could employ another attorney or attempt to resolve the confusion concerning the other two attorneys. The motion was denied. The court noted again that Glass had been informed of the trial date. He had apparently told the defendant that he was sick in bed but the court noted that "his purpose for not being here apparently is he didn't receive sufficient fee to attend the trial of this case." Defendant stated under oath that he had paid Glass money. The parties stated at oral argument of this case that defendant had paid Glass at least $350 and Fox $500 and that he had receipts from them.

Following the denial of the motion for continuance, the court stated that it would give defense counsel 10 minutes to prepare prior to jury selection. The rest of the afternoon of April 3 was consumed by jury selection. The following day, April 4, jury selection continued. Attorney Hauptman filed a motion to withdraw as counsel because he had been appointed previously to represent a witness to be called by the State. In response to that motion, the State moved to dismiss all pending drug-related charges against the witness, Dorothy Partain. The court dismissed the charges and denied Hauptman's motion on the ground that the conflict had thus been resolved.

The evidence at trial showed that Partain, in the employ of the Illinois

Bureau of Investigation, set up a meeting between defendant and Frederick Donini, an I.B.I. agent, and that Donini had purchased a quantity of green tablets. An I.B.I. criminologist, Daniel LeCocq, testified that he analyzed a sample of the tablets and determined that they contained LSD. The total weight of the tablets was 45.6 grams. Other State witnesses confirmed that a meeting had taken place between Donini and defendant. Defendant did not deny the sale of the narcotics. His sole defense at trial was that he was entrapped by Donini and Partain.

In rebuttal, Partain was asked about defendant's previous history of drug sales. Over objection, she testified that she had twice previously purchased drugs from defendant. She was asked if she had "knowledge" of defendant selling drugs to other people. She stated, "I have known of people who have got them from Blaine."

An instruction tendered by the State was given which stated, in pertinent part, "To sustain the charge of violating the Food and Drug Act, the State must prove the following proposition: That the defendant knowingly delivered a controlled substance." The court also gave a definitional instruction on entrapment, Illinois Pattern Jury Instruction, Criminal, No. 24.04, tendered by defendant. The court refused, however, to give defendant's tendered instruction on the elements of the charge, IPI—Criminal No. 25.04:

> "To sustain the charge of unlawful delivery as a controlled substance, the State must prove the following:
> First: The person knowing [*sic*] and unlawfully delivered a controlled substance, otherwise than as authorized.
> Second: That the Defendant was not entrapped."

Following defendant's conviction, a presentence report was prepared and, after a sentencing hearing, defendant was sentenced to two concurrent terms of from 20 to 60 years.

■■ We need dwell upon but one issue before us. There can be no doubt that a defendant in a criminal case has the right to employ counsel of his own choosing. (Ill. Const. (1970), art. 1, § 8; Ill. Rev. Stat. 1973, ch. 38, par. 113—3; *People v. Payne*, 46 Ill.2d 585, 264 N.E.2d 167 (1970); *People v. Green*, 42 Ill.2d 555, 248 N.E.2d 116 (1969).) Nor can there be any doubt that, upon the facts of this case defendant was denied that right. When the case was called for trial and counsel for defendant did not appear, the court employed only the most perfunctory attempts to determine the status of defendant's representation. The court's purpose, stated bluntly upon the record, was to expedite the case at all costs, primarily to avoid the added expense to the county of jury and bailiff fees. While the unhindered disposition of criminal trials is a worthy end, and we appreciate the trial court's concern and dilemma, we do not believe

that such expedience can be premised upon the denial of one of defendant's most basic rights. The trial court should have granted a continuance to determine for itself what the role of the two attorneys was to be. Marvin Glass remained as attorney of record with notice of the trial date. His duty was to attend upon the court on that date or to move to withdraw as attorney of record with sufficient reasons therefor in advance of that date.

The court's actions in this case worked a grave hardship upon the defendant. The public defender was forced to trial 3 hours after his appointment. It is inconceivable that he could adequately determine the nature of the case from the defendant in that time, let alone interview witnesses or examine scientific evidence or police reports.

We hold that the court erred in denying defendant's motion for continuance to obtain counsel of his choice and that such error resulted in denial of defendant's right to counsel. For this alone the cause must be reversed and remanded for a new trial.

The record indicates that the trial court was not primarily to blame, however. Although we cannot conclude from the record, we strongly suspect that the actions of either or both of the attorneys did not comport with the accepted standards of conduct expected of attorneys in this State. At the very least, it appears that one or the other or both of them may have neglected responsibilities to the court and the defendant. If, in addition, they accepted the alleged sums of money from this defendant, who sold his house to post bond, that neglect is aggravated. We note that we have nothing but commendation for the representation afforded defendant by the public defender, Mr. David Hauptman. Nothing in our opinion is to be construed as derogating his performance. Nor is our opinion to be construed as criticism of local counsel from Eldorado. He was involved only briefly in this case and properly moved to withdraw when it became evident that his associate counsel was inhibiting any opportunity to aid in the defense.

As we have noted, the denial of counsel alone requires reversal. We will discuss other alleged errors, however, to avoid error upon a new trial. Defendant contends that the public defender should have been allowed to withdraw because of his appointment to represent a material State witness, Dorothy Partain. Because of the time that has elapsed and the court's dismissal of charges against Partain, we do not expect the conflict to arise upon retrial. Counsel should not be expected, however, to represent both the defendant and a material State witness.

Defendant next contends that he was denied a fair trial because of improper rebuttal testimony by Dorothy Partain, discussed above. Defendant concedes that where an entrapment defense is interjected,

it is proper for the State to introduce previous illegal transactions to rebut defendant's argument that he would not have committed the offense except for the entrapment.(*People v. Outten*, 13 Ill.2d 21, 147 N.E.2d 284 (1958).) Defendant contends, however, that the rebuttal in the instant case consisted of inadmissible hearsay. We cannot agree. The questions asked involved Partain's own knowledge. That the testimony was vague affects only its credibility, not its admissibility.

■■ The instructions quoted above were inaccurate and inadequate. The instruction offered by the defense more accurately described the offense and should have been given. In addition, IPI—Criminal No. 25.04, which sets out the issues in entrapment, should be given with No. 24.04, which defines entrapment. We do not believe, however, that the jury need find the specific amount of the controlled substance where the evidence of the weight is not in dispute. *People v. Spear*, 24 Ill.App. 3d 818, 321 N.E.2d 705 (1974).

Because the case must be remanded for a new trial, we need not address defendant's issues regarding sentencing. We note, however, that the State has confessed error in the imposition of the judgment and sentence for the lesser offense of possession.

For the foregoing reasons, the judgment of the Circuit Court of Saline County is reversed and the cause remanded for a new trial.

Reversed and remanded.

JONES, P. J., and CARTER, J., concur.