THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY C. EICKELMAN, Defendant-Appellant.

(No. 74-51; 

Fifth District—October 6, 1975.

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Loren P. Lewis, State's Attorney, of Benton (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

After a bench trial in Franklin County, defendant was convicted of driving while intoxicated and driving while his license was revoked. Following a sentencing hearing, defendant was sentenced to nine months' imprisonment on each charge, the sentences to run concurrently.

The issues presented for review are: (1) whether the defendant voluntarily waived counsel at his arraignment; (2) whether the defendant voluntarily waived counsel at trial; (3) whether the trial court erred in refusing to grant the defendant a continuance before commencing the sentencing hearing; and (4) whether the defendant was denied his right to a jury trial.

Because of our belief that the trial court denied defendant his right to counsel at trial, we need not discuss the other issues raised. The docket sheet indicates that defendant was brought before the court on October 3, 1973, and informed of his rights. The case was continued until October 31, 1973, to allow defendant time to procure counsel. A docket entry dated October 31, 1973, indicates that trial was set for November 28, 1973, although no reason for this further continuance appears of record. On November 28, defendant appeared without counsel. The State answered ready for trial. Defendant displayed to the court a letter from a local attorney, apparently indicating that the attorney would not represent him. Defendant asked that the court appoint the public defender. The court refused, noting that defendant had had ample opportunity to notify the court of the need for appointed counsel. Defendant stated that he had been in the hospital for 16 of the 27 days which had elapsed from the date of the letter from the attorney to the date of trial, but the court reiterated its belief that defendant had been remiss in failing to notify the court prior to trial. The court also noted that the State was prepared for trial and had witnesses present. Defendant stated that he did not want a continuance, but only appointed counsel to assist him. The court responded that appointment of counsel would necessarily require a continuance since counsel could not be expected to go to trial on the day of his appointment.

At trial, the State produced one witness, the arresting officer. He testified that he was called to the scene of an accident and found defendant with a motorcycle which had apparently become entangled with a guy wire. He did not actually see defendant driving the motorcycle. He stated his opinion that defendant was intoxicated but that no breath

analysis test was administered. The court afforded defendant an opportunity to cross-examine the witness. Defendant declined, but in the process admitted that he had been intoxicated and that the officer had testified "truthfully, as he seen it." The State was then allowed to reopen examination of the officer to elicit details of the accident scene to show that the motorcycle had been driven prior to the accident. Defendant attempted to cross-examine the officer but was stopped because of an objection by the State that defendant was in fact testifying and should have been sworn. He testified that the motorcycle was inoperable and that he was pushing it, not driving it. On cross-examination by the State, he again admitted that he had been intoxicated and that his license had been suspended because of a previous drunk driving offense. The court then joined in the cross-examination of the defendant, questioning him about his movements prior to the offense.

At the end of the State's summation, the court indicated that it did not believe defendant's version of the story. Defendant asked to be allowed to produce a witness to support his statement that the motorcycle had been inoperable, but the court refused the request, stating that it was "too late." Defendant was found guilty and the cause was continued for sentencing and counsel was appointed for that purpose. Prior to the sentencing hearing, counsel filed a motion for new trial alleging that defendant had been denied his rights to counsel and trial by jury. The court deferred the motion until after sentencing over the objection of counsel and subsequently denied it.

■■ It is indisputable that defendant had a constitutional right to be represented by counsel at trial (U.S. Const. amends VI, XIV; Ill. Const. (1970), art. 1, § 8) and that if indigent, he had a right to have counsel appointed for him absent an effective waiver. (*Argersinger v. Hamlin,* 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006, (1972); *People v. Hessenauer,* 45 Ill.2d 63, 256 N.E.2d 791 (1970).) Obviously, defendant did not expressly waive representation by counsel since he expressly requested counsel at trial. The narrow question presented, therefore, is whether his actions prior to trial constituted an effective waiver which justified the court forcing defendant to proceed *pro se*. We think not. The record clearly shows that defendant was dilatory in his attempt to obtain counsel, although obviously he had made some effort. Nor do we fault the court for its efforts toward the speedy and efficient administration of justice. But, as we said in *People v. Morris,* 30 Ill.App.3d 1075, 1078 (1975), "While the unhindered disposition of criminal trials is a worthy end, and we appreciate the trial court's concern and dilemma, we do not believe that such expedience can be premised upon the denial of one of defendant's most basic rights." The instant case involved no jury and

but one witness. The problems in expense and inconvenience to the court involved in a short continuance to allow the defendant to consult with an appointed attorney was therefore minimal. But the prejudice to the defendant in being forced to proceed *pro se*, although always difficult to assess, appears manifest. Defendant made several damaging admissions, constituting elements of both offenses, while attempting to "tell his side of the story." In addition, the record discloses that he was totally incapable of effectively cross-examining the sole witness against him. In this, the court provided no aid or guidance and, it appears, actually participated in the cross-examination of the defendant. We believe that defendant needed and deserved the assistance of counsel and cannot say, as incredible as his story may appear, that the refusal of the court to determine defendant's indigency and appoint counsel if defendant was found indigent was error harmless beyond a reasonable doubt.

The State cites *People v. MacArthur*, 2 Ill.App.3d 1077, 278 N.E.2d 530 (1971), for the proposition that a defendant's right to counsel is not an absolute right. That case involved a defendant represented by a court-appointed attorney who stated on the day of probation revocation hearing that he wanted a continuance in order to secure other counsel. He offered no reason why appointed counsel was unacceptable. Upon refusal of the request, the hearing commenced and defendant was represented by counsel. *MacArthur* cited two cases for the statement that the right to counsel is not absolute. In *People v. Gray*, 33 Ill.2d 349, 211 N.E.2d 369 (1965), the trial court, at defendant's request, appointed an attorney other than the public defender. The appointed attorney moved to withdraw because of lack of cooperation from defendant and the court appointed the public defender rejecting defendant's request for another attorney other than the public defender. The supreme court held that defendant had no right to another attorney other than the public defender. The case did not involve an unrepresented defendant and, in fact, the court found that defendant had been competently represented. In *People v. White*, 84 Ill.App.2d 178, 228 N.E.2d 169 (1967), defendant originally appeared with retained counsel who subsequently moved to withdraw. The court appointed the public defender who was also allowed to withdraw, apparently at the behest of defendant. A private attorney was appointed. At trial, defendant asked to have new counsel appointed. The trial court refused, noting that defendant had had "three different sets of counsel" already. On appeal, the court noted that defendant had been "ably represented" at trial and found no error in the

trial court's refusal to appoint new counsel. All of these cases are obviously distinguishable.

██ We must observe that our holding is not to be construed as conferring *carte blanche* upon defendants to delay, through their inaction, the due administration of justice. However, under the circumstances of this case we believe the trial court erred in not determining whether the defendant was indigent when he appeared without an attorney at the first time the case was set for trial. The public defender could have been appointed upon a determination of indigency. If not indigent, the defendant could have been granted one continuance for the purpose of obtaining counsel. There are many instances when the defendant wishes to proceed *pro se* and the question arises whether he knowingly and intelligently waived his constitutional right to have counsel. In the instant case, the defendant was not requesting to proceed *pro se*, but asked the court to appoint the public defender. As noted above, the inconvenience to the court and the State of a short continuance was greatly outweighed by the prejudice to this defendant of forcing him' to trial without counsel.

The judgment of the Circuit Court of Franklin County is reversed and the cause remanded for a new trial.

Reversed and remanded.

EBERSPACHER and KARNS, JJ., concur.