THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL L. WALLACE, Defendant-Appellant.

Fourth District  No. 13014

Opinion filed December 2, 1976.

CRAVEN, J., dissenting.

Theodore A. Gottfried, Richard J. Wilson, and Richard E. Cunningham, all of State Appellate Defender's Office, of Springfield, for appellant.

Homer J. Tice, State's Attorney, of Petersburg (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:
Defendant appeals his conviction upon a jury verdict of theft of property under $150 in value (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)), and the sentence of 364 days imposed.

It is argued that the prosecution failed to prove beyond a reasonable doubt that defendant intended to permanently deprive the complaining witness of the value of a meal, and that the trial court abused its discretion in denying defendant's motion for a continuance for the purpose of retaining counsel of defendant's choice.

The evidence for the prosecution is that on September 28, 1974, defendant came into the restaurant and ordered sandwiches and incidental items. He remained at the restaurant for approximately an hour or hour and one-half during which time he borrowed cigarettes from the proprietor and from other customers. When the check was presented he informed the proprietor that he left his money at home in Springfield, but that he would go to his grandmother's, get the money and return within an hour. At the request of the proprietor he signed the ticket for $2.89. Defendant never returned to pay the bill.

At a later unspecified date, Otis Lynn, a proprietor of the restaurant saw defendant in a pool hall. The witness testified that he told defendant to get down to the restaurant and take care of the bill. The latter made no response, but "grinned." The complaint was filed on October 24, and tried by jury on December 19. Defendant introduced no evidence at trial.

Upon the issue of proof of intent, defendant agrees that if the evidence established that defendant had obtained the meal by false promises to pay at a later time, the necessary proof would be established. It is argued, however, that the only evidence of a false promise was that he did not return to pay the bill, that it is reasonable to assume that he intended to pay but simply was without funds.

■■ The trier of fact is entitled to determine intent from the facts in evidence. The testimony discloses his statements indicating that he had money at his home in Springfield, but that to avoid delay he would get the money from his grandmother and return within an hour. Substantially a month intervened and he failed to make any effort to pay. From such facts we conclude that the verdict of the jury is supported by the evidence. (*People v. Kamsler* (1966), 67 Ill. App. 2d 33, 214 N.E.2d 562.) The intent with which the act is done may be deduced from the circumstances in evidence. *People v. Baddeley* (1969), 106 Ill. App. 2d 154, 245 N.E.2d 593.

Defendant argues that the denial of a continuance denied his right to

have counsel of his own choice. As in *People v. Edmondson* (1975), 30 Ill. App. 3d 763, 332 N.E.2d 493, it is contended that once a defendant has expressed a desire to retain private counsel the right is absolute without regard to other circumstances.

The right to counsel may not be employed to delay prosecution indefinitely. (*People v. Solomon* (1962), 24 Ill. 2d 586, 182 N.E.2d 736.) Defendant was arraigned on October 28, 1974, and the record shows that the trial court set a hearing for November 1, to determine whether defendant had retained counsel. On the latter date counsel was appointed at defendant's request and trial was set for December 13. The record shows that appointed counsel promptly filed appropriate motions and obtained discovery as provided by rule. On December 11, 1974, appointed counsel filed a motion to withdraw at defendant's request. In open court defendant stated that he would like to get another lawyer. He told the court that "upon my personal opinion" he did not believe the lawyer competent but responded to the court's inquiry that he did not base that opinion upon any facts.

On the date reached for trial, December 19, 1974, defendant renewed his request for continuance and advised the court, "[A] friend of mine is going to hire me a lawyer * * *." Defendant continued to say that counsel was not capable and said, "It's my right."

The record of the hearing in aggravation and mitigation discloses that defendant, at such proceeding, expressed a desire for other appointed counsel.

Defendant cites *People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116; *People v. Payne* (1970), 46 Ill. 2d 585, 264 N.E.2d 167; *People v. Willis* (1972), 6 Ill. App. 3d 980, 286 N.E.2d 72, and *People v. Morris* (1975), 30 Ill. App. 3d 1075, 333 N.E.2d 29, in each of which it was held to be an abuse of discretion to deny a continuance. In these cases counsel had either entered an appearance, had been retained in fact or had agreed to appear to represent defendant, but was unavailable on the date the case was reached for trial. Here, defendant had shown his indigency and requested appointment of counsel approximately six weeks before the request was made. The motion was made two days before the date set for jury trial. On the trial date defendant simply stated that an unidentified person was going to commence to seek to retain an attorney. Such had not been suggested at the time of the original motion. There is no claim that defendant had obtained funds or otherwise arranged to hire an attorney, and the colloquy suggests that the defendant was of the opinion that the court had no alternative but to grant his request.

■■ It is held that there is no abuse of discretion in denying a continuance where there is no showing that defendant has other counsel, or is able to retain other counsel. *People v. MacArthur* (1971), 2 Ill. App.

3d 1077, 278 N.E.2d 530; *People v. Edwards* (1975), 28 Ill. App. 3d 216, 328 N.E.2d 18; *People v. Edmondson* (1975), 30 Ill. App. 3d 763, 332 N.E.2d 493; *People v. Williams* (1976), 42 Ill. App. 3d 134, 350 N.E.2d 135.) In *MacArthur*, it was stated that as to a motion for continuance made on the date of the trial, defendant must state substantial reasons for a change of counsel. No reasons of this quality appear in this record.

■■ Before a judgment of conviction will be reversed for denial of a motion for continuance to retain other counsel, it must be shown that that denial "in some manner embarrassed the accused in preparing his defense and prejudiced his rights." (*People v. Solomon* (1962), 24 Ill. 2d 586, 589-90, 182 N.E.2d 736.) Upon this appeal no actual prejudice is claimed or shown and no contention is made that the defense was not competently presented to the jury. *People v. Edmondson* (1975), 30 Ill. App. 3d 763, 332 N.E.2d 493; *People v. Marchese* (1975), 32 Ill. App. 3d 872, 336 N.E.2d 795.) In *People v. Morris* (1975), 30 Ill. App. 3d 1075, 333 N.E.2d 29, appointed counsel had but three hours to prepare after a continuance was denied. In *People v. Willis* (1972), 6 Ill. App. 3d 980, 286 N.E.2d 72, private counsel had agreed to represent defendant at trial, but appointed counsel advised a plea of guilty.

We find none of the factors which support a conclusion of an abuse of discretion to be present in this case.

The record discloses that in 1970, defendant was convicted of criminal trespass to a motor vehicle for which he was sentenced to serve 110 days, and in the same year was convicted of theft over $150 and sentenced to a term of one to four years.

The judgment is affirmed.

Affirmed.

SIMKINS, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

On September 28, 1974, the defendant went into Oat & Eva's Cafe in Petersburg, Illinois, and ordered two sandwiches, fries and a drink. The waitress gave the order to Eva Lynn, the owner of the cafe, who prepared the food. The defendant remained in the cafe for about 1½ hours. During that period of time, he borrowed or "bummed" cigarettes from Otis Lynn, the husband of the proprietor of the cafe, and also he was seen asking other customers for cigarettes. The waitress gave the defendant his check for the amount of the bill ($2.89). The defendant then informed her that he did not have any money; that he left his money in his home in Springfield; and then he asked, "Can I go up to my grandmother's and get my money? I will be back within an hour." Thereafter, the waitress

conferred with Otis Lynn. He advised her to have the defendant sign the back of the ticket so that they would know he owed the money. The defendant signed his name on the back of the ticket and left. The ticket for the amount of $2.89 was placed in the cash drawer. The defendant did not return.

In a subsequent conversation with police officers, this story was related by Lynn. The police officers of the city apparently suggested that a complaint be filed.

On October 24, 1974, a complaint was filed in the circuit court charging the defendant with theft under $150, in violation of section 16—1(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)). The defendant appeared in court without counsel and asked to be released upon his own recognizance. This request was denied and bail was set in the sum of $1000. The motion for release on his own recognizance was renewed on November 8, 1974, and again denied. The case proceeded to trial on December 19, 1974, before a jury. A verdict of guilty was returned by the jury. A post-trial motion was filed and that motion was denied on January 2, 1975, and the defendant was then sentenced to a term of 364 days for the offense. Bond pending appeal was then fixed by the court in the amount of $4000. Notice of appeal was filed on the January 2, 1975, date. As of that date, the defendant had been continuously in custody for 72 days.

After the notice of appeal, this case was not ready for submission to this court until April 19, 1976, this delay arising out of various extensions of time granted by us in connection with the motions for extension filed by counsel. The case was submitted to this court for opinion on May 28, 1976. This date of submission was some 8 months *after* the defendant had been discharged, *after* having served the sentence imposed. Thus, from the date of the offense through this appeal, well over two years will have expired. The defendant will have served his sentence. Any issue with reference to a review of the excessive sentence will, under these circumstances, be utterly meaningless. It is to be regretted that the constitutionally intended inexpensive and expeditious appeal cannot be processed faster in this, a time of expanding litigation and expanding volume of appeals. An appeal as a matter of right under circumstances such as this amounts to no appeal at all. Surely there must be a better and faster way.

As I view this record, the evidence is not sufficient to convict the defendant of the offense of theft. When the defendant indicated he did not have the money to pay the bill, that he would get the money and pay the bill, the owner of the cafe became a creditor, however unwilling. As of that moment, the relationship between the owner of the restaurant and the defendant was one of creditor-debtor and not victim-thief. The cited

cases of *Kamsler* and *Baddeley* do not persuade that these facts are sufficient to establish theft.

The penalty imposed for this offense was excessive even in light of the prior criminal record noted in the majority opinion. We should note the excessive sentence as plain error. Section 11, article I, of our Constitution, mandates that penalties should be imposed according to the seriousness of the offense and with the objective of restoring the defendant to useful citizenship. The sentence imposed in this case is so excessive as to offend that mandate. Indeed, it must be classified as counterproductive.