THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT WILBUR, Defendant-Appellant.

Third District    No. 75-330

Opinion filed September 28, 1977.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Will County, which after a bench trial found the defendant, Robert Wilbur, guilty of the offenses of misdemeanor theft and of escape. The defendant was sentenced to a term of 2 years probation with the first 90 days to be served at the Illinois State Farm. The defendant was also ordered to make restitution to the county for property damages.

On June 26, 1974, the defendant was charged by complaint with the theft of a Will County tow truck valued at less than $150 and with escape from the lawful custody of a police officer. At a pretrial hearing the defendant was represented by privately retained counsel. The case was initially set for trial on July 26, 1974, but continuances were granted and on December 16, 1974, the trial court granted the defendant's private counsel leave to withdraw. The defendant subsequently on two separate occcasions appeared *pro se* at pretrial hearings. On each of these occasions the defendant requested that the public defender be appointed to represent him but these requests were denied on the grounds that the trial court determined the defendant had sufficient funds to employ private counsel.

The defendant's case was called for trial on March 11, 1975, at which time he announced that he was not ready to go to trial because he did not have an attorney. He again requested the appointment of the public defender. The trial court after examining the defendant's affidavit of indigency found that he qualified for representation by the public defender, but declined to make the appointment on the grounds that the request was not timely. The case then proceeded to trial and as we have stated the defendant was found guilty and sentence was imposed.

The sole issue presented in this appeal is whether the trial court committed error by compelling the defendant to proceed to trial *pro se* when he neither expressly or impliedly waived his right to counsel.

At the outset it should be noted that the People have filed an affidavit which in substance states that after extensive research, the People believe

that the case law is such that it would be in the best interest of the administration of justice that they confess error in this matter and therefore no brief would be filed on behalf of the appellee, the People of the State of Illinois, in this appeal.

We commend the candid approach taken by the People in this appeal and agree that they should confess error as to the sole issue raised by the defendant. A case strikingly similar to the instant one is *People v. Eickelman* (1975), 32 Ill. App. 3d 665, 336 N.E.2d 61.

In *Eickelman* the reviewing court held that even though the defendant was dilatory in his attempt to obtain counsel he had a constitutional right to be represented and if indigent, the trial court should have appointed counsel, absent an effective waiver.

We note that in *Eickelman* there was only one witness called to testify against the defendant, while in the instant case the People called seven witnesses. The inconvenience and expense of granting a continuance in the instant case would have been greater than that present in the case of *Eickelman*, yet in the instant case the defendant was not dilatory in requesting representation. On two separate occasions prior to the trial date he made such a request. We can only conclude that the inconvenience to both the trial court and the State are minimal when compared to the denial of his basic right to be represented by counsel.

For the reasons set forth the convictions of the defendant are reversed and this cause is remanded for a new trial.

Reversed and remanded.

STENGEL, P. J., and ALLOY, J., concur.