PAUL VERNON CASE, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

129 N. W. 2d 107

Filed June 19, 1964. No. 35637.

Paul Vernon Case pro se.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

Paul Vernon Case, hereinafter referred to as the petitioner, instituted this habeas corpus action in the district court for Lancaster County, Nebraska, on September 9, 1963. At the time of filing his petition he was confined in the Nebraska Penal and Correctional Complex at Lincoln, Nebraska, hereafter referred to as the complex. The object of the petition is to have a writ of habeas corpus to determine whether he is being unlawfully confined therein.

On September 12, 1963, the district court found that the petition failed to state a cause of action requiring the issuance of the writ, denied the relief requested, and dismissed the petition. From this order the petitioner has perfected an appeal to this court.

The petition alleged he was held incommunicado in solitary confinement in an overheated portion of the city jail for 3 days without proper food or bedding; was repeatedly "herded" into a police lineup; and at the end of such time was "fast talked" and coerced by the chief deputy prosecutor to waive his constitutional rights to preliminary hearing and counsel and to plead guilty under threat of prosecution under the habitual criminal act.

The petition had attached thereto certified copies of the information filed against the petitioner on April 18, 1963, in the district court for Lancaster County, charging him with the crime of burglary. Certified copies of journals of the court were likewise appended. The first showed that he appeared in court on April 18, 1963, and "after waiving his constitutional rights," he was "duly arraigned on the information filed against him . . . and said information having been read to him," he pleaded "Guilty." The plea was accepted by the court and he was found guilty as charged. His custody was

remanded to the sheriff and sentence was deferred pending a presentence investigation. The second journal entry shows petitioner was brought into court on May 2, 1963, and having nothing to say prior to his being sentenced, the judgment of the court was that he be confined in the Nebraska Penal and Correctional Complex for 5 years, said sentence to run consecutively with the present term being served by him. A certified copy of the commitment to the complex was attached.

Petitioner assigns error to the trial court: In failing to assign counsel to advise petitioner as to his state and federal constitutional rights; in allowing petitioner to waive his rights under the Sixth Amendment to the Constitution of the United States made binding upon the states by the due process clause of the Fourteenth Amendment thereto; and in allowing him to enter a plea of guilty without benefit of counsel. In his brief he admits waiving in the trial court his constitutional rights to preliminary hearing and counsel and entering a plea of guilty but again alleges his acts in that respect were coerced as alleged in his petition.

The petitioner relies on recent decisions of the United States Supreme Court and he particularly cites Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 92 A. L. R. 2d 733, which overruled Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595. The Betts case was an appeal from the decision of the Court of Appeals of Maryland in an original habeas corpus proceeding instituted in that court after Betts' conviction and while serving his sentence. The writ was issued; a hearing was had; his contention was rejected; and he was remanded to the custody of the prison warden. Betts had been indicted for robbery in the original trial court in Maryland. He told the trial judge that for lack of funds he was unable to hire a lawyer and asked the trial court to appoint counsel for him. The judge informed him that it was not the practice in that county to appoint counsel for indigent defendants except in murder

and rape cases. The United States Supreme Court, in a divided opinion after reviewing the law as it existed in the several states at and before the adoption of the federal Constitution, held that the due process clause of the Fourteenth Amendment to the Constitution of the United States does not confer on an indigent person charged with a crime in a state court an absolute right to counsel independent of circumstances, and affirmed the judgment of the Maryland court. The decision turned to some extent on Betts being a mature person of ordinary intelligence and ability to take care of his own interests on a narrow issue involving the credence to be placed on his claim of an alibi.

The facts in the case of Gideon v. Wainwright, *supra*, may be summarized as follows: In defendant's trial in a Florida state court on a charge of a felony—having broken and entered a poolroom with intent to commit a misdemeanor—the trial court denied defendant's request to appoint counsel for him on the ground that under the laws of Florida only a defendant charged with a capital offense was entitled to such an appointment. After his conviction defendant filed in the Supreme Court of Florida a petition in habeas corpus. He attacked the conviction on the ground that his federal constitutional rights were violated by the trial court's refusal to appoint counsel. The court, without opinion, denied relief. The Supreme Court of the United States in that case in overruling Betts v. Brady, *supra*, held: A provision of the Bill of Rights of the Constitution of the United States which is fundamental and essential to a fair trial is made obligatory upon the states by the Fourteenth Amendment; the Sixth Amendment's guaranty of counsel is one of these fundamental rights. It held in such a case the refusal of a state trial court to appoint counsel for one prosecuted for a felony violates the Sixth Amendment's guaranty of counsel made obligatory upon the states by the due process clause of the Fourteenth Amendment.

Both before and after Betts v. Brady, *supra,* the Supreme Court of the United States had held that under certain circumstances the due process clause of the Fourteenth Amendment required that counsel be provided a prisoner. It was often applied to those accused of capital offenses. See, Powell v. Alabama, 287 U .S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527; Avery v. Alabama, 308 U. S. 444, 60 S. Ct. 321, 84 L. Ed. 377; Hamilton v. Alabama, 368 U. S. 52, 82 S. Ct. 157, 7 L. Ed. 2d 114. The same rule was applied to cases which that court held involved "special circumstances" such as where conviction occurred under the influence of mob spirit, Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; or under alleged community coercion, Moore v. Dempsey, 261 U. S. 86, 43 S. Ct. 265, 67 L. Ed. 543; or where perjured testimony was knowingly used by a state prosecutor, Mooney v. Holohan, 294 U. S. 103, 55 S. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406. However, it was not until the recent case of Gideon v. Wainwright, *supra,* here considered, that the full impact of the Sixth Amendment was applied through the due process clause of the Fourteenth Amendment to all felony cases.

The present requirements in regard to furnishing counsel to indigent defendants in such cases is set forth by the United States Supreme Court in Carnley v. Cochran, 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70, and may be stated as follows: The due process clause of the Fourteenth Amendment guarantees the assistance of counsel unless that right is intelligently and understandingly waived by the accused. Courts must indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss. Where the constitutional infirmity of a state criminal trial without counsel is manifested, and there is no allegation or showing of affirmative waiver of counsel, a resulting conviction is unconstitutional and the accused is entitled to relief therefrom.

In the opinion the United States Supreme Court said: "However, we recognized, in Rice v. Olson (324 U. S. 786, 65 S. Ct. 989, 89 L. Ed. 1367) that, although the Fourteenth Amendment would not countenance any presumption of waiver from the appearance of the accused without counsel and the silence of the record as to a request, the entry of the guilty plea might have raised a fact issue as to whether the accused did not intelligently and understandingly waive his constitutional right. We held that a hearing was required since the facts were in dispute. In the present case, however, there was no guilty plea, and the return to the writ does not allege an affirmative waiver. Therefore, there is no disputed fact question requiring a hearing. Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

In the cause before us, the writ having been denied, there was no trial and no bill of exceptions is before us showing what happened at the time of the petitioner's plea. The journal of the court merely recites the conclusions of the court that petitioner waived his constitutional rights and entered a plea of guilty. It is only through the assertions of the petitioner in his brief that it can be said that he waived counsel and from his allegations this waiver was induced through the coercion alleged in his application for the writ. It is a general rule that a plea of guilty must be freely and understandingly made by one competent to know the consequences thereof. See, 22 C. J. S., Criminal Law, § 423 (2), p. 1176; Waley v. Johnston, 316 U. S. 101, 62 S. Ct. 964, 86 L. Ed. 1302. Whether the facts in the cause before us would show any such coercion is not before us and in view of our decision could not come before us in this type of action.

The petitioner asks that this judgment be reversed

because of the recent opinions of the United States Supreme Court herein discussed, Gideon v. Wainwright, *supra,* and Carnley v. Cochran, *supra.* This involves a discussion of the office of the writ of habeas corpus in this state and the difference between the jurisdiction of this court and the district courts in this state and the courts of the United States in such an action.

It may here be said that the statutes of this state, section 29-1803, R. S. Supp., 1963, provide for the assignment of counsel to one indicted for an offense which is capital or punishable by imprisonment in the Nebraska Penal and Correctional Complex if the prisoner has not the ability to procure counsel and for the payment of the services of such counsel. The right to counsel in a prosecution involving a felony is clear after indictment under this statute. The right to review the proceedings with respect to the denial of certain rights including the omission or refusal to assign counsel to a prisoner so charged has been denied him in a collateral proceeding of habeas corpus by the decisions of this court hereinafter set out.

Section 29-2801, R. R. S. 1943, provides for the issuance of a writ of habeas corpus on application being made on behalf of one unlawfully deprived of his or her liberty, "except persons convicted of some crime or offense for which they stand committed, or persons committed for treason or felony, the punishment whereof is capital, plainly and specially expressed in the warrant of commitment, * * *." This provision insofar as it relates to persons who have been convicted of crime appears to be in accord with the common law with respect to habeas corpus. See 25 Am. Jur., Habeas Corpus, § 26, p. 159. See, also, the annotation appended to In re Appeal of Bion, 59 Conn. 372, 20 A. 662, in 11 L. R. A. 694, citing early cases including those of the Supreme Court of the United States. The section of the statute has existed in its present form since the General Statutes of 1873, p. 804, and the Legislature has not seen fit

to alter it. The reports of this court are replete with its decisions interpreting it. A long list of such cases appears in Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932. In Sedlacek v. Hann, 156 Neb. 340, 56 N. W. 2d 138, this court held: "The sufficiency of the statements of the petition of relator to justify a writ of habeas corpus allowed by virtue thereof may be tested before making return thereto by a motion to quash the writ. * * *

"The remedy of habeas corpus is not demandable of course, but legal cause must be shown to entitle a petitioner to the benefit of it. * * *

"Habeas corpus is not available to discharge a prisoner from a sentence of penal servitude if the court imposing it had jurisdiction of the offense and of the person charged with the crime, and the sentence was within the power of the court." See, also, Iron Bear v. Jones, 149 Neb. 651, 32 N. W. 2d 125; In re Application of Carper, 144 Neb. 623, 14 N. W. 2d 225.

In the case of Hawk v. Olson, 145 Neb. 306, 16 N. W. 2d 181, this court affirmed a judgment of the district court in its denial of the issuance of a writ of habeas corpus setting forth substantially the same rules of law as have been hitherto set forth herein. It held that the guilt or innocence of one convicted of crime was not justiciable in habeas corpus and that such an action is not recognized by this court as a remedy to review a judgment of conviction for crime. It further held that the facts alleged did not show the petitioner had been denied his right of appeal. In the opinion, however, it was further stated that this court could see nothing in the facts alleged, if true, that in any way prevented the petitioner from having a fair trial. On certiorari in Hawk v. Olson, 326 U. S. 271, 66 S. Ct. 116, 90 L. Ed. 67, the Supreme Court of the United States reversed the judgment and remanded the cause holding that the facts alleged by the petitioner entitled him to a hearing on the claimed violation of the due process clause of

the Fourteenth Amendment to the Constitution of the United States because of failure to allow him an opportunity to consult with counsel in the critical period between his arraignment and trial. That court, however, accepted the holding of this court that the sufficiency of the evidence could not be raised by habeas corpus and that the allegations did not show interference with the prisoner's right of appeal. On the cause being remanded the petitioner in the cited case requested the mandate to issue from this court directing the writ of habeas corpus to issue. This court declined to issue the mandate in Hawk v. Olson, 146 Neb. 875, 22 N. W. 2d 136, stating several rules of law already set out herein and further holding: "It is for the Supreme Court of this state to decide what issues are justiciable in an application for a writ of habas corpus made to the courts of this state.

"The Supreme Court of this state has the undoubted right to decide upon its own jurisdiction and the jurisdiction of the courts of this state to which its appellate power extends. * * *

"Habeas corpus cannot be used as a substitute for a writ of error.

"Habeas corpus is a collateral and not a direct proceeding when regarded as a means of attack upon a judgment sentencing a defendant. * * *

"When the judgment is regular upon its face and was given in an action where the court had jurisdiction of the offense and of the person of the defendant, extrinsic evidence is not admissible to show its invalidity (in habeas corpus). * * *

"The existence of a right is one matter, the availability of a particular remedy in which that right may be asserted is distinctly a separate matter."

The petitioner now urges that because of the decisions of the Supreme Count of the United States hitherto discussed, Gideon v. Wainwright, *supra,* together with the rules respecting the appointment of counsel and the re-

quirements as to the waiver of counsel in Carnley v. Cochran, *supra*, and other similar federal cases, the courts of this state should now consider the evidence relating to the sufficiency of the petitioner's waiver of counsel and plea of guilty in a habeas corpus as well as in a direct proceeding in error or by appeal.

The statute, section 29-2801, R. R. S. 1943, authorizing the writ of habeas corpus and the decisions of this court construing the jurisdiction of courts in such cases hitherto discussed remains unchanged. The Legislature has not seen fit by amendment to enlarge the powers of the courts of this state with respect to such writs. Neither should this court do so by judicial legislation. Postconviction procedure is properly one for the Legislature to consider. The position of the courts of this state in respect to questions that are justiciable in habeas corpus are quite limited in comparison with those of the courts of the United States which have been granted authority by Congress to issue such a writ to a prisoner when he is in custody in violation of the Constitution, laws, or treaties of the United States, 28 U. S. C. A., § 2241, although its power is limited in certain cases including those instances set out in 28 U. S. C. A., § 2254.

We conclude that under the statutes of this state and the decisions of this court, we have no jurisdiction to review the conviction of the petitioner in a habeas corpus proceeding. It follows that the judgment of the trial court must be affirmed.

AFFIRMED.