(No. 40566.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. PEARLIE HINES, Appellant.

*Opinion filed March 30, 1972.*

THOMAS J. BOODELL, JR., of Chicago, appointed
by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-
field, and EDWARD V. HANRAHAN, State's Attorney, of
Chicago (JAMES B. ZAGEL, Assistant Attorney General,
and ROBERT A. NOVELLE and GEORGE ELSENER,
Assistant State's Attorneys, of counsel), for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion
of the court:

Following a jury trial in the circuit court of Cook
County, defendant, Pearlie Hines, was convicted of the sale
and dispensing of narcotics and sentenced to a term of not
less than ten years nor more than life imprisonment in the
penitentiary. This judgment was affirmed on direct appeal
to this court. (*People* v. *Hines,* 30 Ill.2d 152.) Defendant's
post-conviction petition, filed under the terms of the Post-
Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38,
par. 122—1 *et seq.*), was dismissed by order of the circuit
court of Cook County without an evidentiary hearing. It is
from that dismissal that this appeal comes. The facts are set

out fully in our previous disposition of this case on direct appeal and are not in dispute here.

Defendant's first contention that he was denied a fair trial by virtue of the prosecutor's inflammatory argument to the jury was earlier raised and decided against defendant on direct appeal (30 Ill.2d 152), and further review is barred by *res judicata*. (*People* v. *Beckham*, 46 Ill.2d 569; *People* v. *Kamsler*, 39 Ill.2d 73; *People* v. *Armes*, 37 Ill.2d 457.) In addition, we have previously determined that the argument in question did not require reversal of the conviction of Hines's co-defendant, John Davis. See *People* v. *Davis*, 46 Ill.2d 554.

Defendant also contends that since he was not afforded counsel at the preliminary hearing, he was denied his constitutional right to counsel. The United States Supreme Court in 1970 held that the preliminary hearing proceeding in Alabama was a "critical stage" requiring the presence of counsel (*Coleman* v. *Alabama*, 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999), and in *People* v. *Adams*, 46 Ill.2d 200, we found *Coleman* applicable to Illinois preliminary hearings conducted pursuant to section 109—3 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1969, ch. 38, par. 109 —3.) We concluded in *Adams*, however, that *Coleman* should not be given retroactive application and thus counsel was not required at the September 14, 1961, hearing in this case.

*Certiorari* was granted by the Supreme Court in *Adams* for the sole purpose of considering the retroactivity of *Coleman*, and that court has very recently affirmed our judgment. *Adams* v. *Illinois*, —— U.S. ——, 31 L. Ed. 2d 202, 92 S. Ct. 916.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*