THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* EDWARD EDMONDSON *et al.*, Defendants-Appellees.

(No. 58581;

First District (2nd Division)—July 15, 1975.

*Rehearing denied August 20, 1975.*

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, and Sam Adam, both of Chicago (John T. Moran, Jr., Assistant Public Defender, and Peter B. Loughman, of Schiff, Hardin & Waite, of counsel), for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This review concerns the dismissal of an indictment which in one count charged Edward Edmondson with unlawful use of weapons, aggravated battery and armed robbery; and in another, charged Roosevelt Young with armed robbery. The dismissal was on a motion in which defendants asserted that at their preliminary hearing they were denied a continuance they requested in order to obtain counsel of their choice. The motion to dismiss was granted. In this appeal by the State[1] we are asked to decide whether this was error.

On August 20, 1971, Edmondson and Young were arrested. They appeared in court that day on questions concerning bail, and the preliminary hearing was set for August 30. However, on August 26, Young was in court without Edmondson. He told the judge that he was going to get private counsel to represent him. In fact, he said he had spoken to one who knew of the preliminary hearing date. On August 30, the case was called, as scheduled. Present were the victim of the crimes Cornelious O'Connor, several witnesses, the arresting officers and defendants, without counsel. In the 10-day period that intervened between their arrest and the hearing, no lawyer had filed an appearance for them. When asked by the court, one of them said that his lawyer was Sam Adam.[2] On hear-

---

[1] Supreme Court Rule 604(a)(1) provides that "[i]n criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963 * * *." Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1).

[2] The Report of Proceedings of the preliminary hearing shows it was Young who told the trial judge that his lawyer was Sam Adam. However, at the hearing of the motion to dismiss, a court reporter testified that although she had certified it was Young who said that Sam Adam was his lawyer, she could have indicated it was Young who spoke when in fact it was Edmondson. In this appeal, the defendants proceed on the assumption that it was Edmondson who made the statement, not Young. We will proceed on the same assumption.

ing this assertion, an assistant public defender asked if Attorney Adam was going to send a representative to the courtroom. This question brought on an exchange between the preliminary hearing judge, one of the defendants and the assistant public defender who said that "* * * a representative of Sam Adam's office will be here today. His [one of defendants] wife is going to call his [Attorney Adam's] office and see what time." The judge responded with the observation that the complainant and his witnesses were in court for the preliminary hearing. He thereupon instructed that "[s]omebody check the lawyer's office to see if he is coming." The judge was again told by the assistant public defender that "[t]he wife is going to call." The case was then passed, called, passed again, and recalled.

When the parties were before the judge the third time, he asked what inquiry had been made concerning the lawyer, Sam Adam. The wife of one defendant responded, saying that she had called Mr. Adam's office and had learned that "* * * he was in traffic court and would have him to call here and I gave him the sheriff's number [sic]." Again the hearing judge was told by one of the defendants that his lawyer was Sam Adam. Mr. Adam was not reached; no one in the courtroom heard from him. It was then announced by the judge that the preliminary hearing was going to proceed. Apparently spurred by this announcement, one defendant asked, "Can't we get a continuance until we get in touch with our lawyer?" The judge, however, did not respond to this inquiry. Nothing more was said by either defendant concerning his desire to be represented by a lawyer of his choice.

At the point when it was clear the preliminary hearing was going ahead, the assistant State's Attorney suggested the public defender be appointed to represent the defendants. The judge agreed, saying to them, "It is just a preliminary hearing, Sir. Your lawyer has every right to be here. This is an obligation that divests itself on you [sic]." Then, to the assistant public defenders in the courtroom, the judge said, "[T]he gentleman [referring to one, but not saying which defendant] indicates he is represented by counsel. It was—has been continued and there is nobody here. The state is ready to proceed. I am not going to delay this procedure any longer." So, without objection, two assistant public defenders were appointed defense counsel limited to the preliminary hearing. They were given an opportunity to examine the complaints and confer with their clients. Shortly thereafter, they announced that they were ready to proceed. This fact was inserted into the record, and the hearing began. O'Connor, the complaining witness, testified and was cross-examined by one of the public defenders. Thereafter, the court found probable cause and bound defendants to the grand jury, which on September 25, 1971,

indicted them. They were arraigned on October 4, 1971. Attorney Sam Adam appeared as counsel for Edmondson, but he told the court that he did not represent Roosevelt Young. In doing so, Mr. Adam made it clear that he had never met Young and did not know him. Thereupon, it being shown that Young was an indigent, the judge appointed the public defender to represent him.

On March 24, 1972, Edmondson represented by Attorney Adam; Young, by the public defender; joined in a motion to dismiss the indictment on the ground that on August 30, 1971, at their preliminary hearing, "* * * both defendants demanded the presence of their privately retained counsel, Sam Adam, and requested a continuance to procure Attorney Adam's presence in court." Defendants alleged that the preliminary hearing judge denied their request for counsel of their choice. In support of the motion, Mr. Adam testified that on August 30, 1971, he received a message from his office that someone related to Edmundson had called, expressing the desire that he appear and represent him in court. Mr. Adam said that he made an effort to respond by calling the courtroom. After hearing this evidence and listening to arguments of counsel, the trial court granted the motion and dismissed the indictment, holding that defendants were deprived of constitutional rights when they were compelled to proceed with their preliminary hearing with two assistant public defenders as their counsel.

In this court, the State contends that this ruling was error. Defendants contend that their right to counsel of their choice was constitutionally guaranteed but was infringed in the preliminary hearing when, despite their request, the court denied a continuance which would have enabled them to retain private counsel.

These contentions compel us to notice that this is not a case in which defendants complain of a preliminary hearing to which they were subjected without the benefit of counsel. (See *People v. Hines*, 51 Ill.2d 101, 281 N.E.2d 340; compare *Pointer v. Texas* (1965), 380 U.S. 400, 13 L.Ed. 2d 923, 85 S.Ct. 1065.) Nor is this a case in which the claim is made that absence of private counsel prejudiced defendants in some particular way. (Compare *People v. Payne*, 46 Ill.2d 585, 264 N.E.2d 167; *People v. Green*, 42 Ill.2d 555, 248 N.E.2d 116.) Indeed, this is not even a case in which defendants made a showing that if given a continuance, they would have been able to obtain counsel of their choice. (See *People v. Mac-Arthur*, 2 Ill.App.3d 1077, 278 N.E.2d 530.) In fact, this is a case in which defendants argued that they had a constitutional right to counsel of their choice, and that once they expressed the desire to obtain private counsel, they were entitled to an opportunity to do so without regard to the circumstances then facing the judge before whom they were ap-

pearing. By this argument, defendants were successful in obtaining a ruling that dismissed the indictment against them. We do not agree with this ruling. In our judgment, it is not supported by our law, constitutional or statutory.

■■ It is true that a preliminary hearing is a critical stage in this State's criminal process; one at which a defendant has the right to counsel. (*People v. Adams*, 46 Ill.2d 200, 263 N.E.2d 490; see *Coleman v. Alabama* (1970), 399 U.S. 1, 26 L.Ed.2d 387, 90 S.Ct. 1999; *Adams v. Illinois* (1972), 405 U.S. 278, 31 L.Ed.2d 202, 92 S.Ct. 916.) This right, as in the trial itself, is guaranteed by the Sixth and Fourteenth Amendments to the Federal Constitution, secured by section 8 of article I of this State's constitution, provided by section 113—3 of the Code of Criminal Procedure, and includes the right to be represented by counsel of one's choice. (*People v. Jackson*, 15 Ill.App.3d 761, 305 N.E.2d 223; compare *City of Chicago v. Purvey*, 132 Ill.App.2d 632, 270 N.E.2d 279.) However, important as it is, its enjoyment is not absolute. (See *People v. Gray*, 33 Ill.2d 349, 211 N.E.2d 369; compare *People v. Blakely*, 7 Ill.App.3d 1012, 289 N.E.2d 269; *People v. Gratton*, 19 Ill.App.3d 503, 311 N.E.2d 717.) For example, in the proper exercise of discretion, depending, of course, on the circumstances, a defendant can be denied the opportunity to obtain counsel of his choice. *People v. Williams*, 14 Ill.App.3d 572, 303 N.E.2d 575.

In this case, defendants were arrested on August 20, 1971, and brought to court for consideration of questions concerning their bail. The preliminary hearing was set for August 30. Thus, defendants had 10 days within which to obtain private counsel. When the case was called, the victim of the crimes, his witnesses, and the police officers were present. Defendants appeared, but they did not have counsel nor had one filed an appearance for them. The preliminary hearing judge permitted one defendant to call a law office in the attempt to obtain private counsel. This was not successful; so, after delaying the proceedings, he appointed assistant public defenders to represent the defendants. No objection to this appointment was voiced by either of them. No continuance was granted.

■■ The granting of a continuance, to permit a defendant to prepare for a hearing, a trial, or to obtain an attorney, rests in the sound discretion of the court and depends on the facts and circumstances of each case. (*People v. Surgeon*, 15 Ill.2d 236, 154 N.E.2d 253; *People v. Clark*, 9 Ill. 2d 46, 137 N.E.2d 54.) Therefore, a defendant who, after having a reasonable opportunity to retain a lawyer, appears for a preliminary hearing without counsel, the victim or victims of the crime present, witnesses and arresting officers ready to testify, and asks for a continuance so he can

obtain counsel of his choice, makes a request whose grant is discretionary. (Compare *People v. Gatheright*, 9 Ill.App.3d 1058, 293 N.E.2d 734.) A reviewing court will not disturb a ruling on this matter unless it is shown that the discretion was abused. *People v. Latimer*, 35 Ill.2d 178, 220 N.E.2d 314.

Exercise of this discretion must consider, of course, that under our system of criminal justice a defendant has a constitutional right to counsel of his choice. (*People v. Green*, 42 Ill.2d 555, 248 N.E.2d 116; *People v. Colon*, 9 Ill.App.3d 989, 293 N.E.2d 468.) But this right cannot be employed as a weapon to thwart the administration of public justice indefinitely or embarrass the effective prosecution of a criminal case. (*People v. Solomon*, 24 Ill.2d 586, 182 N.E.2d 736.) Accordingly, in many situations with which judges are faced, it is not error for a court on its own motion to appoint an attorney for a defendant unless it is done over his objection and some exception is taken to the court's action at the time. (*People v. Johnson*, 45 Ill.2d 38, 257 N.E.2d 3.) Such an appointment can be made in the absence of request; and at times, it is mandatory in order to protect the constitutional rights of the accused and preserve the interests of the public in criminal prosecutions. Compare *People v. Witt*, 394 Ill. 405, 68 N.E.2d 731.

■■ In the case before us, it is our judgment that the preliminary hearing judge properly exercised his discretion when under the circumstances he did not grant defendants a continuance in order to enable them to obtain counsel of their choice. (*People v. Hart*, 10 Ill.App.3d 857, 295 N.E.2d 63.) Therefore, dismissal of the indictment was error. For this reason, the order is reversed and the cause is remanded to the trial court with directions that it reinstate the indictment and undertake such further proceedings as are consistent with the views expressed in this opinion.

Reversed and remanded with directions.

DOWNING, P. J., and HAYES, J., concur.