THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PATRICIA MYLES, Defendant-Appellant.

First District (4th Division)    No. 76-386

Opinion filed May 19, 1977.

JOHNSON, J., dissenting.

James Geis and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Paul Benjamin Linton, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendant, Patricia Myles, was convicted of murder following a bench trial. The trial judge sentenced the defendant to 14 years to 14 years and one day in the Illinois State Penitentiary.

The sole issue presented for review is whether or not the defendant was denied her constitutional right to be defended by counsel of her own choice.

The facts of the case are the defendant was charged in a two-count indictment with the murder of one Edward Johnson. She was arraigned before the Honorable Joseph A. Power. At the direction of Judge Power, Dennis M. Kleper entered the appearance of attorney Stephen W. Zucker, whom the defendant had retained to defend her. Mr. Kleper was a young associate of Mr. Zucker. Mr. Kleper had been admitted to the bar only

three months previously. On the appearance Mr. Kleper added his own name, according to Judge Power's instructions, as he was representing the defendant on that particular day. It was never contemplated by the defendant, Mr. Kleper, or by Judge Power, as is obvious in the record, that an attorney of three months would represent someone charged with murder. On January 28, 1975, the defendant and Mr. Kleper appeared before Judge Louis Wexler. Judge Wexler told Mr. Kleper the case was going to be tried "right now." Mr. Kleper told the trial judge he was unqualified, and he had never tried a felony case. Judge Wexler told Mr. Kleper they were going to pick a jury beginning immediately. Mr. Kleper protested he had never even seen a jury picked before and had no idea of how to pick one. Mr. Kleper asked to have the case put over until 2 p.m., in order for him to be able to contact Mr. Zucker. Judge Wexler refused. The clerk of the court then told Judge Wexler he had received a call from Mr. Zucker, and Mr. Zucker had told him the previous day he would be late arriving at court due to a conflicting court appearance in the suburbs. Judge Wexler indicated he did not consider this to be sufficient notice. The defense then requested a pretrial conference. After the conference was held, Mr. Kleper requested a bench trial, the defendant executed a jury waiver, for obviously she had no other choice because Mr. Kleper could not pick a jury, Mr. Kleper again requested a short recess in order to contact Mr. Zucker and Judge Wexler denied the request. Mr. Kleper again protested he was completely unqualified to undertake the defense of a client charged with murder. Judge Wexler ignored the protestations of counsel and ordered him to make his opening statement. A trial then commenced. The defendant was found guilty of murder and was given a sentence of 14 years to 14 years and one day in the Illinois State Penitentiary. At no time did the court ask the defendant if she wanted Mr. Kleper to proceed on her behalf.

It is clear from the record here the defendant was denied her constitutional right to have counsel of her own choosing represent her. (Ill. Const. 1970, art. 1, §8; Ill. Rev. Stat. 1973, ch. 38, par. 113—3; *People v. Payne* (1970), 46 Ill. 2d 585; *People v. Green* (1969), 42 Ill. 2d 555.) In addition, counsel for the defendant repeatedly protested to the court the fact he was totally unqualified to represent the defendant. The total of counsel's experience was one felony trial, which he had seen as a spectator. Counsel had never tried a felony case or even seen a jury selection. It is also clear from the record counsel took a bench trial because he did not even know how to pick a jury. As this court said in *People v. Morris* (1975), 30 Ill. App. 3d 1075, 1078-79:

> "While the unhindered disposition of criminal trials is a worthy end, and we appreciate the trial court's concern and dilemma, we

do not believe that such expedience can be premised upon the denial of one of the defendant's most basic rights."

In the instant case we think it was an abuse of discretion on the part of the trial judge, not to have allowed the defendant to be represented by Mr. Zucker and to have forced an admittedly inexperienced, newly admitted attorney, to trial for the most serious of all the crimes in the Criminal Code.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ROMITI, J., concurs.

Mr. JUSTICE JOHNSON, dissenting:

I respectfully dissent. The right to counsel guaranteed by the sixth and fourteenth amendments to the Federal Constitution, by section 9 of article II of the Illinois Constitution, and by section 113—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 113—3) includes the right to be represented by counsel of one's own choice. (*People v. Colon* (1973), 9 Ill. App. 3d 989, 994, 293 N.E.2d 468, 472.) While an accused in a criminal case has this right, it is likewise true that such right may not be employed as a weapon to indefinitely thwart the administration of justice, or to otherwise embarrass the effective prosecution of crime. (*People v. Solomon* (1962), 24 Ill. 2d 586, 590, 182 N.E.2d 736, 739; *People v. Ritchie* (1966), 66 Ill. App. 2d 417, 421, 213 N.E.2d 306, 307-08.) As warned in *Gray v. Gray* (1955), 6 Ill. App. 2d 571, 580-81, 128 N.E.2d 602, 606-07, it is counsel's duty to procure the aid and assistance necessary to alleviate the burden of a great volume of business or to see to it that such business will be handled by less clogged offices. As suggested by Mr. Justice Jackson, where business is tendered a lawyer to which he does not have time to attend, he should let it go to some other lawyer. (*Gray v. Gray* (1955), 6 Ill. App. 2d 571, 581, 128 N.E.2d 602, 607.) Prompt disposition of litigation is too important to be delayed because a select group of attorneys may be enjoying more business at a given moment than their brethren. *People v. Thornhill* (1975), 31 Ill. App. 3d 779, 789, 333 N.E.2d 8, 16.

The defendant's contention that Mr. Zucker was the only attorney of record authorized to represent her is unsupported by any statements, testimony, or affidavits of either the defendant or Mr. Zucker. Mr. Kleper, the attorney who represented the defendant, was an associate of Mr. Zucker. Defendant never once objected to attorney Kleper's

representation. Mr. Zucker did not appear before, during or after trial to represent the defendant and the only person who did appear was Mr. Kleper. Mr. Kleper appeared before the court on five different occasions preceding the trial including the arraignment. Mr. Kleper also filed an appearance representing that he was the defendant's attorney. Further, Mr. Kleper continuously represented that he was defendant's attorney until the trial date. In arguing a motion for a new trial, Mr. Kleper referred to affidavits of Mr. Zucker and the defendant which would support defendant's contention that she was denied the right to counsel. Mr. Kleper was given an extension so that he could file the affidavits. The affidavits were never filed.

It is the duty of the trial judge to see that lawyers practicing before him contribute to the optimum use of court time. (See ABA Standards Relating to the Administration of Criminal Justice, Compilation, §1.4, at 168 (1974).) Furthermore, the court has the obligation to see that matters before it are disposed of expeditiously. (Ill. Rev. Stat. 1973, ch. 110A, par. 61(c)(17).) In order to carry out these duties, a local court rule provided that if either side was not ready for trial or sought a continuance, he would notify the other side 48 hours in advance of trial so as not to inconvenience the witnesses. Neither Mr. Zucker nor Mr. Kleper notified the State about a delay; in fact, Mr. Zucker called the clerk and said he would be engaged elsewhere, but would have somebody there at 11 o'clock. The person who appeared for the trial was Mr. Kleper.

Throughout the trial, Mr. Kleper was familiar with the details of defendant's case and presented the case well. This further supports the fact that he was authorized to represent the defendant.

It is interesting to note that the defense does not raise the contention that Mr. Kleper's representation was incompetent, despite the fact that he protested at trial he was inexperienced in handling criminal defenses. A review of the record shows that he presented his case well and did not reduce the proceeding to a farce. (*People v. Fleming* (1971), 50 Ill. 2d 141, 145, 277 N.E.2d 872, 875.) The fact that Mr. Kleper waived a jury is not by itself a suggestion of incompetency.

Viewing the facts as a whole, and also considering that the defendant appeared with Mr. Kleper in court and treated him as her lawyer, it clearly appears that the defendant exercised her right to choose her own attorney. *People v. Colon* (1973), 9 Ill. App. 3d 989, 994, 293 N.E.2d 468, 472.

A request for a continuance is addressed to the sound discretion of the trial court. (*People v. Edmondson* (1975), 30 Ill. App. 3d 763, 767-68, 332 N.E.2d 493, 496.) The trial judge did not abuse his discretion herein.

The defendant cited several cases in support of her contention. In *People v. Morris* (1975), 30 Ill. App. 3d 1075, 333 N.E.2d 29, on the date

set for trial, defendant appeared without counsel. Defendant told the court that he was being represented by Mr. Glass and Mr. Fox. Both were telephoned, Glass stating that he was withdrawing from the case, and Fox said he was not aware that he was to be present at the trial. A public defender was appointed to represent the defendant. Defendant stated that he had paid both attorneys to represent him. The public defender was given 3 hours to prepare for trial. The instant case differs from *Morris* in that defendant herein never objected to her representation and defendant was in fact represented by private counsel who appeared on the trial date.

*People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116, cited by the defendant, is also distinguishable. In *Green*, the defendant himself requested a continuance because his attorney was out of town. His request was ignored and a public defender was appointed to represent him. Again, the court found that the defendant was not represented by counsel of his own choosing.

Finally, in *People v. Payne* (1970), 46 Ill. 2d 585, 264 N.E.2d 167, the defendant clearly expressed his desire to be represented by counsel whose appearance was on file. Only after the court threatened to increase defendant's bond substantially did defendant agree to immediate trial with the public defender representing him. The coercive tactics of the court in *Payne* clearly violated the defendant's right to choose his own counsel. There is no element of coercion in the instant case.

It is my opinion that the defendant's right to choose her own counsel was not violated herein.

For the foregoing reasons, I would affirm the judgment of the circuit court.