THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFRED CARTER, Defendant-Appellant.

Third District    No. 77-206

Opinion filed September 21, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of Ottawa, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was brought by the defendant, Alfred Carter, for convictions of two counts of aggravated assault, battery, resisting a peace officer, reckless driving and fleeing or attempting to elude a police officer for which he was sentenced to serve a term of imprisonment of 120 days and was fined $300. At the arraignment, after being informed of his right to counsel, including appointed counsel, the defendant simply stated that he pleaded not guilty and requested a bench trial. On the date of trial, the defendant informed the court that he was not prepared to proceed to trial and requested an appointed counsel because he could not afford one. The trial court simply stated that the defendant had had an opportunity to procure an attorney and forced the defendant to proceed to trial *pro se*, without any inquiry into the defendant's indigency.

■■ ■ The right to counsel in a criminal trial is a fundamental constitutional guarantee. (U.S. Const., Amend. VI.) This guarantee applies equally to defendants charged with felonies or misdemeanors. (*Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006.) A defendant will not be found to have waived the right to counsel unless the record shows that, at each critical stage of the proceeding, the trial judge specifically offered and the defendant knowingly and understandingly rejected appointed counsel. (*People v. Hessenauer* (1970), 45 Ill. 2d 63, 256 N.E.2d 791.) Furthermore, no defendant can be

completely denied the assistance of counsel absent a determination of his ability to retain counsel or his desire to have counsel appointed, even though the request appears to be an attempt to delay the trial. *People v. Kerner* (5th Dist. 1975), 32 Ill. App. 3d 676, 336 N.E.2d 65.

■■ Accordingly, the judgment of the Circuit Court of Kankakee County is reversed, and the cause is remanded for a new trial not inconsistent with this opinion. Because of our decision, we need not consider the other issues raised by the defendant's appeal.

Reversed and remanded.

STENGEL, P. J., and STOUDER, J., concur.