STATE OF NEBRASKA, APPELLEE, v. FLOYD C. MOORE, APPELLANT.

277 N. W. 2d 554

Filed April 17, 1979. No. 42104.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is a post conviction action. The defendant challenges his conviction in the municipal court of Omaha of the misdemeanor offense of refusing to submit to a blood, breath, or urine test, and his sentence of 90 days in jail. After an evidentiary hearing, the municipal court denied the motion to vacate judgment and sentence. The District Court affirmed the judgment of the municipal court and this appeal followed. The defendant alleges that he was denied the right to counsel both at his trial and on an attempted appeal to the District Court.

On May 6, 1977, the defendant was charged with refusal to submit to a blood, breath, or urine test in violation of section 39-669.08, R. R. S. 1943, a misde-

meanor. Defendant was arraigned on the same day and was advised by the court of his right to an attorney and to have an attorney appointed if he was unable to afford one. The defendant told the court that he would get his own attorney. The trial was set for June 14, 1977, and defendant was released on bail. The defendant attempted to obtain an attorney but could not raise enough money. On June 6, 1977, the defendant was arrested and jailed for parole violation. He testified that he was unable to obtain an attorney while he was in jail, and his wife was also unable to obtain counsel for him.

The defendant appeared without counsel at his trial on June 14, 1977. The trial judge was not the same judge who conducted the arraignment. The trial judge inquired as to whether the defendant had been advised of his right to counsel at the time of arraignment in May, and the defendant answered affirmatively. The trial judge then asked whether the defendant had talked to his lawyer and the defendant responded: "I couldn't. I was in jail." The trial court then stated: "All right, but you knew you had a right to a lawyer.", and the defendant responded: "Yes, yes, I knew." The judge then announced that he would take judicial notice that the jail had a telephone and said: "Well, I guess you'll have to go on your own then * * *." This constituted the entire discussion as to defendant's right to counsel. There was no inquiry as to whether the defendant still desired counsel, or was willing to waive his right to counsel, nor as to the indigency of the defendant.

Trial proceeded and the defendant attempted to represent himself. At the conclusion of the testimony the trial court found the defendant guilty of refusing to submit to a blood, breath, or urine test, but not guilty of driving while intoxicated. The court sentenced the defendant to 90 days in jail, a 6-month suspension of operator's license, and a $100 fine.

The court also set a $300 appeal bond.

Following his conviction the defendant attempted to file an appeal. He wrote a letter to one of the municipal court judges telling him that he wanted to appeal and wanted an attorney on appeal. The defendant's wife sent a letter to the same effect to the trial judge and testified that she had also telephoned the trial court and the public defender's office several times in regard to her husband's appeal. The trial judge remembered having received a letter in the case but could not recall if it had anything to do with an appeal. He gave the letter to a bailiff to be attached to the defendant's file. The parties have stipulated that the letter in question was destroyed. At no time before the time for appeal had expired was an attorney ever appointed for the defendant.

On the last day for appeal an attorney in the public defender's office attempted to have the defendant brought before a judge of the municipal court so that the defendant could personally request the appointment of counsel on appeal, but the defendant had been transported to the penal complex that morning. The same attorney then filed an unexecuted appeal bond in order to indicate the defendant's desire to appeal.

On August 5, 1977, the defendant filed a poverty affidavit requesting appointment of counsel. The defendant was found to be indigent, the public defender's office was appointed to represent him, and the motion for post conviction relief here was filed. The municipal court, after an evidentiary hearing, overruled the motion for post conviction relief. On appeal to the District Court, that court affirmed the judgment of the municipal court, and this appeal followed.

There is little or no dispute as to the facts in this case, although there is a substantial dispute as to the inferences to be drawn from those facts. The evidence is undisputed that both the defendant and his

wife requested that counsel be appointed for the defendant on appeal following his conviction. Those requests for appointment of counsel were ignored.

The law is clear that an accused person is entitled to counsel at every critical stage of a criminal proceeding. State v. Journey, 186 Neb. 416, 183 N. W. 2d 494. If an indigent defendant was deprived of his constitutional right to counsel by not being furnished an attorney to present his appeal to the appellate court, he was not afforded an effective appeal and the decision thereon must be deemed a nullity. State v. Blunt, 197 Neb. 82, 246 N. W. 2d 727.

The remaining issue is whether or not the defendant was denied his constitutional right to counsel at the trial. The State's position is that the defendant's statement at the arraignment that he would obtain his own counsel, and his appearance at trial without counsel, constituted a waiver of his right to counsel at trial in the absence of an assertion of indigency by the defendant. We disagree.

In Argersinger v. Hamlin, 407 U. S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530, the United States Supreme Court said: "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

In Case v. State, 177 Neb. 404, 129 N. W. 2d 107, this court said: "The due process clause of the Fourteenth Amendment guarantees the assistance of counsel unless that right is intelligently and understandingly waived by the accused. Courts must indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss."

In the case now before us when the defendant appeared at trial without counsel the trial court did not inquire whether the defendant had counsel or wanted counsel. When the defendant advised the court

that he had not talked to a lawyer because he had been in jail, the court made no inquiry into the reasons for the absence of counsel, nor did it inquire as to the financial circumstances of the defendant, or whether or not the defendant could afford a lawyer. Although the defendant had already affirmatively indicated his intention to exercise his constitutional right to counsel by retaining private counsel, the court interpreted the defendant's appearance at trial without counsel as an affirmative, intelligent, and understanding waiver of his constitutional right to counsel simply because the defendant had been advised of his right to counsel a month before. Under the circumstances here it was wholly unreasonable to assume that the defendant had conclusively rejected an offer of counsel, much less that he had affirmatively waived his right to counsel.

The State seeks to equate the defendant's failure to affirmatively assert indigency at the time of trial with an affirmative, knowing, and intelligent waiver of all right to counsel. There is no dispute that the defendant was actually indigent at time of trial, but the State contends that the trial court had no obligation to provide the defendant with counsel prior to any claim of indigency. We believe the case of People v. Carter, 52 Ill. App. 3d 508, 367 N. E. 2d 791, effectively answers such a claim. The court there held: "[N]o defendant can be completely denied the assistance of counsel absent a determination of his ability to retain counsel or his desire to have counsel appointed, even though the request appears to be an attempt to delay the trial." In the case now before us there was no attempt on the part of the trial court to determine either of those matters, and there was no apparent intent to delay the trial. The defendant here was denied his constitutional right to counsel, both at trial and on appeal.

The judgment of the District Court is reversed and the cause remanded with instructions to the District

Court to vacate the judgment of the municipal court entered on June 14, 1977, and remand the cause for further proceedings.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., dissenting in part.

The defendant was arraigned on May 6, 1977, and was advised that he had a right to counsel, and to have counsel appointed for him if he was unable to afford one. The defendant stated to the court that he would get his own attorney. This, of course, was an effective waiver of the right to appointed counsel.

The case was set for trial on June 14, 1977, and defendant was released on bond. He was at large until June 6, 1977, when he was arrested for violation of parole for a prior offense. When the defendant appeared for trial without counsel on June 14, 1977, he admitted that he knew that he had a right to a lawyer. In answer to an inquiry as to whether he had talked to his lawyer, the defendant stated that he couldn't because he had been in jail.

The court now holds that it was the duty of the trial court at that time to inquire into the financial circumstances of the defendant and ascertain whether the defendant could afford a lawyer. It seems to me that it was the duty of the defendant to inform the court that he wanted to be represented by counsel but was financially unable to retain counsel, if his earlier waiver of the right to appointed counsel was to be withdrawn.

When a defendant has been advised of his right to appointed counsel and has made an effective waiver of that right, there should be some responsibility upon the defendant to advise the court if there has been a change in circumstances and the defendant now wants the court to appoint counsel for him.