STATE OF NEBRASKA, APPELLEE, V.
MICHAEL V. STUTZMAN, APPELLANT.

301 N.W.2d 104

Filed January 23, 1981. No. 43606.

Douglas D. DeLair for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher for appellee.

WHITE, J.

Pursuant to the rules of the court, this case was assigned for disposition without oral argument. The sole assignment of error is an allegation that the sentence was excessive. For error plain on the face of the record, we reverse and remand.

The defendant was charged in the county court of Otoe County, Nebraska, on two counts: speeding and operating a motor vehicle while his driver's license was suspended. He appeals from the sentence on the driving while suspended charge, contending it was excessive. The entire dialogue between the court and the defendant as to his constitutional rights, at the

time of his appearance in the county court, is the following: "THE COURT: And, do you understand your constitutional rights, sir? MR. STUTZMAN: Yes, I do." The defendant thereupon pled no contest to the speeding charge, and the offense of operating a motor vehicle while the license was suspended was continued. The defendant appeared at a later time, again without counsel, and, on questioning by the trial court, waived counsel. The defendant was not advised of his right to appointed counsel if he was indigent. The defendant thereupon pled no contest and was sentenced to a term of 15 days in the county jail. On appeal to the District Court, the judgment of the county court was affirmed.

In *State v. Moore,* 203 Neb. 94, 277 N.W.2d 554 (1979), the defendant, who had appeared in the municipal court of the city of Omaha and was advised of his right to counsel, indicated, as here, that he might wish to contact private counsel and who appeared later at trial without counsel was nonetheless held not to have waived his right to counsel.

The record is absolutely silent and shows no attempt to comply with the standards required by our decision in *State v. Turner,* 186 Neb. 424, 183 N.W.2d 763 (1971), with respect to pleas of guilty.

In *State v. Moore, supra* at 98, 277 N.W.2d at 557, we quoted with approval from *Argersinger v. Hamlin,* 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530: "'We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense . . . unless he was represented by counsel at his trial.'" It was further stated in the dissent: "The court now holds that it was the duty of the trial court . . . to inquire into the financial circumstances of the defendant and ascertain whether the defendant could afford a lawyer." *Id.* at 100, 277 N.W.2d at 558. Such was the effect of the holding in that case.

The acceptance of the plea in the driving while suspended case was improper and void. The judgment of conviction is set aside and the case remanded.

REVERSED AND REMANDED.