THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SCOTT WILLIAMS, Defendant-Appellant.

Second District    No. 80-185

Opinion filed May 1, 1981.—Rehearing denied June 26, 1981.

Richard L. Salon, of Chicago, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REINHARD delivered the opinion of the court:

On August 16, 1978, defendant was charged with unlawful delivery of a controlled substance in violation of section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1401). Attorneys John Cutrone and Santo Volpe filed an appearance as counsel for defendant that same day. On October 17, 1978, Cutrone and Volpe were given leave to withdraw their appearance.

On November 15, 1978, an information was filed against defendant. The matter was set for arraignment on December 4, 1978, but was continued to December 18, 1978, on defendant's motion to permit his attorney to appear. On December 18, 1978, Attorney Albert Klest filed an appearance as counsel for defendant and a plea of not guilty was entered. On January 29, 1979, Mr. Klest was given leave to withdraw his appearance. The law firm of Barnett, Ettinger, *et al.*, filed an appearance on March 5, 1979. Numerous continuances followed.

On September 25, 1979, a negotiated plea was entered whereby defendant pleaded guilty, was fined $2,000 and was sentenced to the penitentiary for four years. On October 23, 1979, defendant, acting pro se, filed a motion to vacate his guilty plea, alleging that it was not voluntary. On November 16, 1979, the trial court granted defendant's motion and gave Barnett, Ettinger, *et al.*, leave to withdraw their appearance. The matter was set down for trial on December 3, 1979. On that date, defendant requested a continuance for purposes of retaining new counsel and the court responded:

"As soon as I conclude the case that I am now hearing, we will proceed to trial on your case, with or without an attorney."

On December 17, 1979, defendant again appeared in court alone and the matter was continued to January 2, 1980, for status and January 7, 1980, for trial. Defendant was told by the trial judge to be in court with an attorney on January 2. On January 2, 1980, defendant advised the court that his attorney, James Marcus, could not be present because he was involved in a trial out of State. The January 7, 1980, trial date was, nevertheless, confirmed.

On January 7, 1980, defendant again appeared alone and explained to the court that his attorney was still on trial in Oklahoma. The court noted that Mr. Marcus had not filed an appearance as yet and was, therefore, not of record. Although the State indicated that it had four witnesses in court to testify, the trial court continued the matter to January 16, 1980, for trial. Indicating to the defendant that this would be the final continuance, the court stated:

"It is my duty to admonish you that your failure to appear in a timely manner for trial, that we will proceed to trial without your presence, or without the presence of your attorney.

On the 16th at 9:00 a.m. the jurors will be summoned into this courtroom and a voir dire will begin at 9:00 a.m., sharp, whether or not you are present or whether or not your attorney is present."

On January 16, 1980, defendant again appeared alone and advised the court that the attorney he planned to retain would not take the case because of a lack of time for preparation and that he was unable to retain new counsel because of the short time period involved. The court then read into the record a summary of the continuances in this matter and informed the defendant that he was going to trial that day with or without an attorney. After advising the court that he wanted a jury trial, the trial began with defendant proceeding pro se. After jury selection was completed, defendant moved for a continuance, stating:

"[T]he jury was picked without counsel and my ability to sift through a jury is zero up to this point because I have never been in any problems with any kind of courts before."

The State objected to defendant's request for continuance and the motion was denied by the court.

The State presented the testimony of several special agents with the Northeastern Metropolitan Enforcement Group which indicated that defendant had sold to them a white, powdery substance later determined to be cocaine. Other witnesses testified as to the chain of custody of the evidence and its chemical composition. The envelope containing the white substance was then admitted into evidence without objection. An in-chambers conference followed, during which the court advised defendant that he had a right to move for a directed verdict. Defendant made such a motion which was summarily denied.

Defendant then indicated to the court that he wanted a brief recess so that he could contact a witness, Helena Rossett. The State objected on the grounds that defendant had not listed that witness in any answer to discovery and that, furthermore, the motion was untimely. The court did not immediately rule on the motion, but instead asked defendant if he intended to testify. The following colloquy ensued:

> "DEFENDANT WILLIAMS: I can testify, yes, your Honor. I will testify if that is necessary, and I would like to call that other witness.
>
> THE COURT: Are you prepared to testify at this time?
>
> DEFENDANT WILLIAMS: Yes.
>
> THE COURT: We'll go out and take the testimony of this defendant. Let's go.
>
> DEFENDANT WILLIAMS: Am I allowed to call a witness, your Honor.
>
> THE COURT: I don't know yet."

Defendant proceeded to testify in his own behalf. However, his testimony consisted of just a couple of statements to the effect that only he, Agent Kennedy and one other person, Helena Rossett, were in his residence at the time of the alleged drug transaction, in contrast to certain testimony presented by the State.

The court then told defendant in chambers that "[i]f your witness can be here, after the conclusion of the conference on the instructions, you can call your witness." After closing arguments and jury instruction, the jury returned a verdict of guilty and judgment was entered thereon. Helena Rossett did not testify, nor does the record explain why not.

Defendant, through new counsel, filed a motion for judgment notwithstanding the verdict and in arrest of judgment, or in the alternative for a new trial. On March 7, 1980, that motion was denied and defendant was sentenced to a five-year term of imprisonment to be served concurrently with defendant's two-year Federal sentence on similar charges.

Defendant's appeal presents three issues for review:

(1) Whether defendant was denied his constitutional right to counsel where he was compelled to proceed to trial without an attorney and without waiving his right to counsel;

(2) whether defendant was denied his constitutional right to produce witnesses in his own behalf; and

(3) whether, by imposing a more severe sentence following trial, the trial court penalized defendant for exercising his constitutional right to trial by jury.

■■ It is clear that every individual accused of a criminal offense has a fundamental constitutional right to the assistance of counsel at trial (U.S. Const., amends. VI and XIV; Ill. Const. 1970, art. I, §8; *People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677; *People v. Carter* (1977), 52 Ill. App. 3d 508, 367 N.E.2d 791); that it includes the right to be represented by counsel of one's own choice (*People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116); and that no indigent criminal defendant can be sentenced to a term of imprisonment unless he has been represented by counsel at trial (*Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158) or has knowingly and understandingly waived his right to counsel. (*People v. Hessenauer* (1970), 45 Ill. 2d 63, 256 N.E.2d 791.) While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and a finding that the fundamental constitutional right to counsel has been knowingly and intelligently waived will not be made lightly. *People v. Templeton* (1978), 60 Ill. App. 3d 711, 377 N.E.2d 228; *People v. Vanderwerff* (1978), 57 Ill. App. 3d 44, 372 N.E.2d 1014.

■■ Reviewing the entire record, it is apparent that the defendant did not make a knowing and intelligent waiver of his constitutional right to counsel. It is clear that even after the jury was empanelled the defendant desired the assistance of counsel, yet there is nothing in the record to indicate that there was a determination of indigency or that defendant was advised of his right to appointed counsel if indigent. (See Ill. Rev. Stat. 1979, ch. 110A, par. 401(a).) Prior to the trial date, the court simply informed defendant that the case would proceed whether or not his attorney was present. While the court is mindful of the frustration experienced by the trial court in attempting to dispose of this case and its patience in granting continuance after continuance to defendant so that private counsel could be retained, we are, nevertheless, constrained to conclude that defendant was denied his constitutional right to counsel and that, therefore, his conviction must be reversed. Defendant did not make a conscious and deliberate choice to voluntarily and with full knowledge waive his right to counsel and proceed *pro se*. See *People v. Varnold* (1977), 45 Ill. App. 3d 724, 359 N.E.2d 1135.

The State, in its brief, asserts generally that "the defendant cannot claim that he was deprived of his right to counsel where he engaged in eighteen months of delaying tactics and then refused to appear with counsel on the final trial date set by the judge." In support of its argument, the State cites *People v. Solomon* (1962), 24 Ill. 2d 586, 182 N.E.2d 736, *People v. Koss* (1977), 52 Ill. App. 3d 605, 367 N.E.2d 1040, and *People v. Bevard* (1977), 48 Ill. App. 3d 399, 362 N.E.2d 464. These cases, however, are inapposite. *Solomon* and *Koss* involve the related, but distinct, problem presented where a defendant is represented by court-appointed counsel but just prior to trial moves for a continuance for the purpose of retaining private counsel. In each case, the reviewing court concluded that the trial court did not abuse its discretion in its denial of the motion for continuance. *Bevard*, again, involved the issue of whether the trial court abused its discretion in ruling on a motion for continuance. However, the motion for continuance in *Bevard* was made on the day trial was to commence and was based on the defense attorney's alleged unpreparedness.

■■ What distinguishes *Solomon* and *Koss* from the present case is that in each one the defendant was afforded the assistance of counsel at trial, but argued on appeal that he was denied the right to the assistance of counsel *of his choice*, whereas the defendant herein had a total absence of legal counsel without any waiver thereof. Similarly, in *Bevard* the defendant was represented by counsel at trial. Cases such as those are usually decided by balancing the defendant's fundamental right to be represented by counsel of his choice against the public need for efficient and effective judicial administration. (See, *e.g.*, *People v. Langdon* (1979), 73 Ill. App. 3d 881, 392 N.E.2d 142; *People v. Spurlark* (1978), 67 Ill. App. 3d 186, 384 N.E.2d 767.) But where, as in this case, the defendant has not knowingly and intelligently waived his right to counsel, the need for efficient judicial administration cannot be used as a rationale for denying a defendant his constitutional right to be represented by legal counsel.

There is no doubt that defendant's repeated failure to secure counsel potentially interfered with the orderly process of judicial administration, but this does not excuse requiring a defendant to proceed to a felony jury trial unrepresented absent further inquiry and admonishments by the court. Under the facts of this case, the trial court should have informed the defendant that if counsel of his choice did not appear he had a right to secure other counsel of his choosing within a reasonable period of time, or informed him of his right to represent himself at trial and secured a knowing and intelligent waiver of counsel, or, alternatively, upon his continued insistence upon private counsel who did not appear, could have appointed counsel for him unless objected to by the defendant. For example, in *People v. Edmondson* (1975), 30 Ill. App. 3d 763, 332 N.E.2d

493, the trial court denied the defendant's motion for a continuance to contact private counsel and appointed an assistant public defender to represent the defendant at his preliminary hearing. Rejecting defendant's argument on appeal that he was erroneously denied the right to counsel of his choice, the court said:

> "[A] defendant who, after having a reasonable opportunity to retain a lawyer, appears * * * without counsel, the victim or victims of the crime present, witnesses and arresting officers ready to testify, and asks for a continuance so he can obtain counsel of his choice, makes a request whose grant is discretionary. * * *
>
> Exercise of this discretion must consider, of course, that under our system of criminal justice a defendant has a constitutional right to counsel of his choice. * * * Accordingly, in many situations with which judges are faced, it is not error for a court on its own motion to appoint an attorney for a defendant unless it is done over his objection and some exception is taken to the court's action at the time. [Citation.] Such an appointment can be made in the absence of request; and at times, it is mandatory in order to protect the constitutional rights of the accused and preserve the interests of the public in criminal prosecutions." 30 Ill. App. 3d 763, 767-68, 332 N.E.2d 493, 496-97.

■■ In the final analysis, the right to be represented by counsel of one's own choosing may not be employed as a weapon to indefinitely thwart the administration of justice or to otherwise embarrass the effective prosecution of crime. (See *People v. Friedman* (1980), 79 Ill. 2d 341, 403 N.E.2d 229.) But it is the trial judge's responsibility that every reasonable opportunity be afforded a defendant in effectuating his legitimate desire for counsel.

Accordingly, absent any indication of a knowing and intelligent waiver of counsel, defendant's conviction will be reversed and this cause remanded for a new trial. In light of that conclusion, we need not address the remaining two allegations of error.

Reversed and remanded.

SEIDENFELD, P. J., and NASH, J., concur.